OPINION OF THE COURT
Fuchsberg, J.
This appeal, here by leave of a Judge of this court, presents us with our first opportunity to construe Penal Law sections authorizing the imposition of “restitution” or “reparation” as part of a sentence (Penal Law, §§ 60.27, 65.10, subd 2, par [g]). As recently amended, these stat *155 utes, among other things, reflect both a more flexible penological approach and a heightened awareness of the “concerns and needs of the victims of crime” (Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 60.27). In particular, we are asked to decide whether, under the statutory scheme, a sentencing court, broad as its discretion to mold an appropriate disposition otherwise may be, is free to delegate the power to fix the conditions of such restitution or reparation to the Probation Department. We now hold that it is not.
A second question raised is whether, under the facts and circumstances in this case, a 21-month lapse of time between the discovery of the defendant’s criminal conduct and the time of her arrest violated her due process right to prompt prosecution. We find this issue to be without merit.
Upon her plea of guilty, the defendant, Patricia Fuller, stands convicted of grand larceny in the second degree (Penal Law, § 155.35). This stemmed from her unlawful receipt, from September, 1973 to December, 1975, of $5,994 in public assistance moneys, in violation of section 145 of the Social Services Law by concealing the fact that she then was gainfully employed. Her conduct first came to the attention of public authorities when it was discovered by the Social Services Department in December, 1975, but the department did not so inform the District Attorney until December, 1976 and she was not arrested until September 20, 1977.
It was on this delay that the defendant predicated her due process claim, urging it initially on an unsuccessful pretrial motion. Her guilty plea followed. At the sentencing,' the trial court imposed a five-year term of probation and. directed the defendant to make restitution “in the amount of her defalcation in a manner consistent with that to be set by the probation department”.[1] In implementing this delegation, the department thereupon required the defendant to sign a confession of judgment in which she *156 acknowledged a debt of $7,611.82 to the Social Services Department of the City of New York. That sum, substantially in excess of the $5,994 covered by the indictment, was arrived at by including additional benefits received during the 15 months following the completion of the crime charged.[2]
On these facts, turning first to her restitution point, we note, preliminarily, that defendant registered no objection, either at sentence, by way of postjudgment motion or even on her appeal to the Appellate Division, to the fact that the Probation Department rather than the sentencing court passed on the amount and manner in which the restitution requirement was to be satisfied. Failure to challenge a procedure at a time when a trial court still has an opportunity to take effective correction action as a general rule will forfeit the right of review by this court (CPL 470.05, subd 2; People v Drummond, 40 NY2d 990, cert den sub nom. New York v Luis J., 431 US 908). But it has long been the law that the “essential nature” of the right to be sentenced as provided by law, though not formally raised at the trial level, preserves a departure therefrom for review in this court (People v Craig, 295 NY 116, 120; People v Bradner, 107 NY 1, 4-5; Cohen and Karger, Powers of the New York Court of Appeals [rev ed], § 199, pp 750-751).[3]
Proceeding then to substantive consideration of the legality of the delegation of the restitution element of the *157 defendant’s sentence, we observe that the power of a court to order offenders to compensate the victims of their crimes is not new to the criminal justice system. Provision for a court to direct restitution may be found in our early probation statutes at least as far back as 1910 (Code Crim Pro, § 483, subd 2; § 932) and its use has long been advocated by a variety of standard-setting bodies (National Advisory Commission on Criminal Justice Standards and Goals, Standards on Probation and Parole, § 5.4, subd 2; § 5.5, subd 3; Model Sentencing Act, § 9; National Commission on Reform of Federal Criminal Laws, Study Draft [1970], § 3302; American Bar Association, Projects on Minimum Standards for Criminal Justice, Standards Relating to Probation, § 3.2, subds [a], [c], par [viii]; ALI Model Penal Code, § 301.1, subd [2], par [h]; cf. Bradford v United States, 228 US 446).[4] Therefore, though the unfortunate current prevalence of crime has drawn renewed and intensified attention to sentencing in general and compensation for crime victims in particular,[5] the latter has long been an integral part of the former.
Consistent with these developments, New York’s implementing statutes vest a great deal of discretion in the sentencing authority. They also make clear that a decision to direct a defendant to make “restitution of the fruits of his offense or reparation for the loss or damage caused [by his criminal conduct]” rests with it alone (Penal Law, § 60.27, subd 2; § 65.10, subd 2, par [g]).
Perhaps above all, it is manifest that the Legislature’s intention was to keep the responsibility for dealing with this increasingly emphasized feature of sentencing in the hands of our Judges and no one else. Nowhere does it as *158 much as mention any other agency in this regard. Rather, section 60.27’s subdivision 1 specifically speaks of “discretion” of “the court” alone, while its subdivision 2 emphatically advises that it is “the court” which must make a “finding” as to the “fruits” or “damage” resulting from the offense and that it is likewise “the court” which is to conduct any hearing thought necessary for this purpose. Moreover, the section’s subdivision 5 in particular refers to the “amount of restitution or reparation” required “by the court”. Similarly, section 65.10 is precise in providing that it is “the court” which “shall fix the amount [of restitution or reparation and] the manner of performance”.
Consonantly, the Appellate Division, Second Department, the only New York court to have ruled on the issue, has held that the court’s responsibility for performing these functions may not be delegated to the Probation Department (People v Julye, 64 AD2d 614; People v Thigpen, 60 AD2d 860).[6] In Thigpen, the court recognized that the amount and manner of restitution was not a perfunctory matter, but one which required nisi prius to make “findings of the sum actually due, with appropriate allowances made for offsets or other factors which could properly reduce the total amount”. Hardly less can be necessary under a statutory scheme which not only calls for a determination of the “fruits of [the] offense” or “reparation, in an amount [the defendant] can afford to pay” (Penal Law, § 65.10, subd 2, par [g]).
This is not to say that the Probation Department may play no part in ascertaining the appropriate amount to be set. On the contrary, a court may call on it to act as a preliminary fact finder and submit its recommendations in a written report. Nevertheless, in the end it is for the court, *159 which alone must impose the sentence, to decide how much of the report, if any, to adopt and how much to reject. Since, in the present case, the court deviated from this course, the sentence cannot stand.
We now come to the defendant’s second contention, that she was denied her due process right to prompt prosecution by the passage of the 21-month interval between the time that her crime had been completed and the time of her arrest.[7]
It is beyond dispute that, although a District Attorney, in representing the State, is vested with broad discretion to “initiate, prosecute and discontinue” criminal prosecutions (People v Zimmer, 51 NY2d 390, 394, and authorities cited thereat), unexplained and unreasonable delay in commencing a prosecution may constitute a denial of due process entitling a defendant to dismissal (People v Singer, 44 NY2d 241, 253-254). True, a suspect’s primary protection against protracted delay in being brought to bar ordinarily is the Statute of Limitations, but delay in arresting or lodging charges over a lesser period of time may, in special circumstances, impair the right to a fair trial (People v Singer, supra, at p 252, citing to United States v Lovasco, 431 US 783, and United States v Marion, 404 US 307).[8]
However, no special circumstances have been shown here. A 21-month delay is well within the period prescribed by the Legislature for the commencement of a class D felony prosecution (CPL 30.10, subd 2, par [b]). Furthermore, 12 of these months were not attributable to the District Attorney, the case having first been reported to him by the Department of Social Services in late December, 1976, but nine months before the arrest took place. In *160 the interim, social services personnel apparently were attempting to deal with the matter on a welfare level. Surely, notice to such an agency, whose societal concerns are so different from those of the police department and the District Attorney, need not be regarded as notice to the criminal justice system (cf. People v Masselli, 13 NY2d 1 [Correction Department]). Finally, there was no convincing support for defendant’s routine-like claim of prejudice.
For all these reasons, the order of the Appellate Division should be reversed and the case remitted to Supreme Court, New York County, for resentence in accordance with this opinion.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Meyer concur; Judge Gabrielli taking no part.
Order reversed, etc.

. The defendant was sentenced under section 65.10 (subd 2, par [f]) of the Penal Law, effective July 23, 1980, this subdivision was relettered as paragraph (g) of subdivision 2 and was amended to require the sentencing court to “specifically state the date when restitution is to be paid in full prior to the expiration of the sentence of probation” (L 1980, ch 471, § 22).

. We are informed that defendant’s period of probation is now at an end. It might, therefore, be suggested that the issue of the legality of defendant’s sentence is moot. The record before us does not permit us to resolve that question conclusively. But, even if, as a practical matter, the issues tendered indeed could be said to be moot, we nevertheless have retained the appeal. Whether the sentencing court is authorized to delegate the determination of the particulars of a restitutional sentence is not only of ongoing and accelerating importance to the criminal justice system, but is almost certain to affect a very large number of cases on a continuing basis (Matter of Oliver v Postel, 30 NY2d 171, 177-178; cf. Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-718).

. To be distinguished is People v McGowen (42 NY2d 905). There the alleged sentencing error was held not to be reviewable following the defendant’s guilty plea and failure to object. Claimed was a failure by the court to exercise discretion provided in the statute with respect to potential youthful offenders (CPL 720.20, subd 1, par [a]). In the case before us now, on the other hand, the court exercised its discretion by ordering restitution as a part of the sentence, but exceeded the statutory limit on that discretion *157 when it delegated the power to fix the terms and conditions to the Probation Department.

. California’s Constitution recently was amended to assure that persons who “suffer losses as a result of criminal activity shall have the right to restitution * * * Restitution shall be ordered * * * in every case, * * * unless compelling and extraordinary reasons exist to the contrary (Cal Const, art I, § 28, subd b; see Broshahan v Brown, 32 Cal 3d 236).

. The Legislature has evidenced its concern in other ways as well. For example, it has established a Crime Victims Compensation Board to aid victims of crime (see Executive Law, §§ 620-635; Comment, Compensation for Victims of Crimes of Violence, 31 Alb L Rev 120).

. Courts in other jurisdictions, in construing statutes similar to section 65.10 of the Penal Law, have expressly found that courts have no authority to delegate the responsibility for imposing conditions of probation or the terms of those conditions (see, e.g., State ex rel. D.G.W., 70 NJ 488; People v Gallagher, 55 Mich App 613; Cox v State, 445 SW2d 200 [Tex]). Among the concerns expressed in these decisions are the interest of the public in having the court supervise the defendant’s rehabilitation, of which the payment of restitution is a part, and the defendant’s right of due process in the determination of the amount of restitution to insure that it did not represent unliquidated damages (see State ex rel. D.G.W., supra, at p 503).

. [4] Since the due process claim arising from her protracted prosecution is predicated upon an asserted deprivation of a constitutional right to no longer be subjected to trial for a particular offense, if established, it would survive what ordinarily would be the waiver effected by her plea (cf. People v Michael, 48 NY2d 1 [right not to be subjected to double jeopardy]). We thus reach this issue.

. Because there is no time limitation placed upon the commencement of a prosecution for murder or any class A felony (CPL 30.10, subd 2, par [a]), in Singer, where there was a four-year delay, we found the Statute of Limitations an inadequate protection (see People v Singer, supra, at p 253).