■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CALI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered October 5, 1982, convicting him of robbery in the second degree and criminal possession of stolen property in the third degree, after a nonjury trial, and sentencing him to concurrent terms of imprisonment of from 2 to 6 years on the robbery conviction and 30 days on the criminal possession conviction. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence on the robbery conviction to imprisonment of from 1½ to 4½ years. As so modified, judgment affirmed. The sentence was excessive to the extent indicated. Brown, J. P., Niehoff, Rubin and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CLOUGHER, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Tanenbaum, J.), rendered June 3, 1981, as amended November 4, 1982, convicting him of criminal mischief in the fourth degree, upon a jury verdict, and imposing a term of 30 days' imprisonment in the county jail and three years' probation, and directing him to make restitution in the amount of $1,290. Judgment as amended modified, on the law, by deleting the provision directing defendant to make restitution in the amount of $1,290 and the provisions regarding the manner of performance thereof. As so modified, judgment as amended affirmed and the matter remitted to the County Court, Suffolk County, for a hearing to determine the proper amount of restitution and the manner of performance thereof. Section 65.10 (subd 2, par [g]) of the Penal Law permits a sentencing court to condition a sentence of probation on the requirement that defendant make restitution or reparation in an amount to be fixed by the court. If the record is insufficient to enable the court to make a finding as to the fruits of the offense or the loss or damage caused thereby, or upon request of the defendant, the court must conduct a hearing on the issue (Penal Law, § 60.27, subd 2). In the case at bar, the trial record and the presentence report were clearly insufficient to enable the court to determine the proper amount of restitution and, therefore, a hearing was required. While the trial court acted properly in employing the Probation Department as a preliminary fact finder to ascertain the appropriate amount of restitution (People v Fuller, 57 NY2d 152), the court should have conducted a hearing upon receipt of the Probation Department's report. Moreover, defendant's failure at the time of sentencing to request a hearing on the issue of restitution did not constitute a forfeiture of his right of review by this court, as the failure to accord him a hearing on that issue constituted a departure from "the 'essential nature' of the right to be sentenced as provided by law" (People v Fuller, supra, p 156). The other aspects of the sentence imposed upon defendant were not unduly harsh or excessive under the particular facts of this case, and, accordingly, will not be disturbed on appeal (People v Suitte, 90 AD2d 80; People v Notey, 72 AD2d 279). Damiani, J. P., Thompson, Bracken and Rubin, JJ., concur.