■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GODOFREDO RAMIREZ, Also Known as ALFREDO PADILLA, Appellant. — Judgment unanimously modified, on the law, in accordance with memorandum, and, as modified, affirmed, and matter remitted to Onondaga County Court for further proceedings, in accordance with the following memorandum: Defendant was convicted of three counts of petit larceny and sentenced to three years' probation and ordered to make restitution in the amount of $958.80. Defendant contends that the court erred in setting restitution in this amount since the jury, in finding him guilty of petit larceny and not the greater submitted charges of grand larceny in the third degree on two of the counts, implicitly found that he did not steal more than $250 in either instance. Since defendant was also found guilty of petit larceny in the amount of $117.85, the most defendant could have been found guilty of stealing was $617.85. There is no indication from the record of how the court determined the amount of restitution. Where the sentencing court sets an amount of restitution which is not supported by the record, the matter should be remitted for a hearing on the proper amount of restitution (*People v Clougher,* 95 AD2d 860). The People argue, however, that because defendant stipulated to an amount of restitution of "around a thousand dollars" at sentencing, he is foreclosed from challenging the amount of restitution set by the court. This argument must be rejected in light of *People v Fuller* (57 NY2d 152). In *Fuller,* the court held that, due to "the 'essential nature' of the right to be sentenced as provided by law," a defendant may raise on appeal an issue relating to sentencing even though it was not formally raised at trial (*People v Fuller, supra,* p 156, quoting *People v Craig,* 295 NY 116, 120). Accordingly, the matter is remitted for a hearing on the question of the amount of restitution owed by defendant (see *People v Clougher, supra; People v Thigpen,* 60 AD2d 860). We have examined defendant's other contentions and find them to be without merit. (Appeal from judgment of Onondaga County Court, Burke, J. — petit larceny, three counts.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.

■ FININ ASSOCIATES, INC., Respondent, v PHYLLIS KROHN, Appellant. — Order unanimously affirmed, with costs, for reasons stated at Special Term, Gossel, J. (Appeal from order of Supreme Court, Chautauqua County, Gossel, J. — consolidation.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.