FOURTH DEPARTMENT, NOVEMBER, 1984

(November 7, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELAINE SOMMER, Appellant. — Judgment unanimously modified and, as modified, affirmed in accordance with memorandum, and matter remitted to Genesee County Court, for further proceedings, in accordance with the following memorandum: Defendant pleaded guilty to petit larceny (Penal Law, § 155.25), two counts of obtaining public assistance by means of a false statement (Social Services Law, § 145) and three counts of offering a false instrument for filing in the second degree (Penal Law, § 175.30). She was sentenced to three years' probation on each conviction to be served concurrently and was ordered to make restitution in the sum of $4,195.50. Defendant allegedly made false statements on her applications for public assistance when she claimed that she had no checking or savings account when, in fact, she had an account in the name of Elaine Samuels to which there were deposited moneys which made her ineligible for public assistance. Defendant claims these funds received periodically from her mother were from Social Security benefits awarded to her retarded brother who lived in her household. Defendant maintains that she did not put her brother on her public assistance budget nor report his income as she feared it would jeopardize her children's benefits. The presentence report indicates that had she been truthful about her brother, she would not have lost any of the public assistance benefits because of his presence in her home. At the time of sentencing, the court expressed doubts as to defendant's financial resources and ability to make restitution and requested the Probation Department to make further inquiry as to defendant's finances. It also expressed concern that she would not be "an ideal candidate" to make restitution during a three-year term of probation. Four hundred dollars in bail money posted by defendant's son was applied to restitution and the balance was to be paid at the rate of $105.43 per month over the term of probation. The sentencing court acted properly in employing the Probation Department as a preliminary fact finder to ascertain the appropriate amount of restitution.

While the documentation supplied by the Department of Social Services supports payments made to defendant and her children in the amount of $4,195.50, the record is unclear as to whether such amount is a proper restitution figure. There is no showing in the record how the court determined the amount of restitution. Whenever the court requires restitution to be made, the court must make a finding as to the fruits of the offense or the loss or damage caused by the offense (Penal Law, § 60.27, subd 2). Even though defense counsel failed at the time of sentence to request a hearing on the issue of restitution, the sentencing court should have conducted a hearing to determine the amount actually due, with appropriate allowances for other factors which could properly reduce the total amount (*People v Fuller,* 57 NY2d 152, 158). Accordingly, the matter is remitted for a hearing on the question of the amount of restitution owed by defendant (see *People v Ramirez,* 98 AD2d 985). If it appears after the hearing that defendant is without funds to make restitution in the amount ordered, the defendant may apply to the court to be resentenced (CPL 420.10, subd 4). (Appeal from judgment of Genesee County Court, Morton, J. — obtaining public assistance through a false statement and other charges.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.