■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WILKERSON, Appellant.—Judgment, Supreme Court, New York County (Preminger, J., at plea, predicate felony hearing, and sentence), rendered on November 21, 1983, convicting defendant, upon his plea of guilty, to three counts of attempted robbery in the first degree, and sentencing him to three concurrent terms of from 9 to 18 years' imprisonment as a second violent felony offender, unanimously modified, on the law, to reduce the sentence to three concurrent terms of from 7½ to 15 years' imprisonment and, as so modified, otherwise affirmed.

Defendant Thomas Wilkerson was adjudicated a second violent felony offender following his plea of guilty to three counts of attempted robbery in the first degree, a class C felony, in full satisfaction of two indictments. The court sentenced him to concurrent terms of from 9 to 18 years' imprisonment on each count. Penal Law § 70.04 (3) (b); (4) authorize punishment no higher than a minimum sentence of 7½ years and a maximum sentence of 15 years' imprisonment for second violent felony offenders convicted of committing a class C felony. It is clear from the plea minutes that the court intended to sentence defendant to the maximum term of imprisonment for a second violent felony offender on each second degree robbery conviction, and imposed sentences higher than authorized. The indorsements on the worksheet for the subject indictments reflect the sentence was "on each count, concurrently". Under these circumstances, the sentencing error is reviewable, notwithstanding defendant's failure to challenge the legality of his sentence at the trial level *(People v Fuller,* 57 NY2d 152 [1982]), and his agreement to the promised sentence when he tendered his guilty plea *(People v Drummond,* 40 NY2d 990 [1976]). Since a remand is unnecessary, we do not reach the prosecutor's contention, in reliance upon *United States v Pisani* (787 F2d 71 [2d Cir]), that, on remand, the court should be allowed the option of altering the sentence to impose consecutive sentences that would total 9 to

18 years. Concur—Murphy, P. J., Ross, Rosenberger, Ellerin and Wallach, JJ.