■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY GUIDO and R & R CARTING DISPOSAL, INC., Appellants.— Appeals by the defendants from two judgments (one as to each of them) of the County Court, Rockland County (Meehan, J.), both rendered October 29, 1986, convicting them of offering a false instrument for filing in the first degree (two counts), upon a jury verdict, and imposing a fine of $10,000 on each count upon the defendant R & R Carting Disposal, Inc., and a fine of $1,000 on each count upon the defendant Guy Guido.

Ordered that the judgments are modified, as a matter of

discretion in the interest of justice, by reducing the fine imposed on the defendant R & R Carting Disposal, Inc., to $5,000 on each count and by reducing the fine imposed on the defendant Guy Guido to $500 on each count. As so modified, the judgments are affirmed, and the matters are remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendants' contention, the inferences necessarily drawn by the jury were neither unreasonable nor illogical *(cf., People v Giuliano,* 65 NY2d 766). Competing inferences to be drawn, if not unreasonable, are within the domain of the triers of fact *(see, People v Barnes,* 50 NY2d 375, 381). Furthermore, to the extent that the prosecution contradicted its own witness to prove a material fact, that fact was sufficiently corroborated by other independent evidence *(cf., People v Reed,* 40 NY2d 204, 207). The prosecution established that the defendant Guido, a foreman employed by the corporate defendant, was a "high managerial agent" within the meaning of Penal Law § 20.20 (2) (b); therefore, the corporate defendant's accessorial liability was established *(see, People v Deitsch,* 97 AD2d 327). Accordingly, viewing the evidence in the light most favorable to the prosecution, we find that it is sufficient as a matter of law to support the defendants' convictions *(see, People v Bracey,* 41 NY2d 296, 302).

We further conclude that the court properly denied the defendants' pretrial motion to dismiss the indictment on the ground of excessive preindictment delay, without a hearing, because the defendants did not show any special circumstances to warrant such relief *(see, People v Fuller,* 57 NY2d 152, 159).

Finally, the fines imposed were excessive to the extent indicated inasmuch as the convictions resulted from a single course of conduct. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.