■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MILLER, Appellant.—Appeal by the defendant, as limited by his motion, from so much of a sentence of the County Court, Nassau County (Orenstein, J.), imposed September 15, 1986, as, upon his conviction of criminal possession of stolen property in the second degree, upon his plea of guilty, directed restitution in the amount of $7,242.49 to be paid over a 52-month period, as a condition of a five-year term of probation.

Ordered that the sentence is reversed insofar as appealed from, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Nassau County, for a hearing and new determination concerning the proper amount of restitution and the manner of payment thereof.

While the Nassau County Probation Department could preliminarily ascertain the appropriate amount of restitution and the manner of performance thereof *(see, People v Fuller,* 57 NY2d 152, 158-159), it was the duty of the sentencing court to set the amount and manner in which the restitution condition was to be satisfied by the defendant *(see,* Penal Law § 65.10 [2] [g]; § 60.27; *People v Fuller, supra).* Further, since the record and the Probation Department's restitution summary "were clearly insufficient to enable the court to determine the * * * amount of restitution [and the manner of performance thereof] a hearing was required" with regard to those issues *(People v Clougher,* 95 AD2d 860; *see,* Penal Law § 60.27 [2]). The defendant's purported waiver of a hearing "did not constitute a forfeiture of his right of review by this court, as the failure to accord him a hearing on that issue constituted a departure from 'the "essential nature" of the right to be sentenced as provided by law' *(People v Fuller, supra,* p 156)" *(People v Clougher, supra).* Mollen, P. J., Mangano, Thompson and Lawrence, JJ., concur.