■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DIXON, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to

Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: The court erred in failing to conduct a hearing to determine the correct amount of restitution to be made. When the record is insufficient to support a finding as to the amount of loss caused by an offense, "the court must conduct a hearing upon the issue in accordance with the procedure set forth in section 400.30 of the criminal procedure law" (Penal Law § 60.27 [2]). Because defendant was convicted on his plea of guilty, there was no proof developed as to the amount of loss sustained. The court relied on amounts included in the sentencing memorandum prepared by the Assistant District Attorney, but that was not a sufficient basis upon which to order restitution without a hearing (see, People v Sommer, 105 AD2d 1052; People v Clougher, 95 AD2d 860). Defendant's failure to request a hearing does not constitute a waiver; the statute requires a hearing if the record is insufficient to determine restitution and defendant has a right to be sentenced as prescribed by law (see, People v Fuller, 57 NY2d 152, 156; People v Clougher, supra). Thus the order of restitution must be vacated and the matter remitted to the sentencing court for a hearing on the proper amount of restitution.

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—offering false instrument for filing, three counts.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.