■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW B. MILLAR, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court, Monroe County, for further proceedings, all in accordance with the following memorandum: The court erred in summarily ordering defendant to pay restitution of $2,032.93. Defense counsel contested the amount of loss or damage claimed by the People and expressly requested that the court conduct a hearing. Where the record is insufficient to support a finding of the proper amount of restitution, "the court must conduct a hearing upon the issue in accordance with the procedure set forth in section 400.30 of the criminal procedure law" (Penal Law § 60.27 [2]; *People v Dixon,* 134 AD2d 877, 878). "Because defendant was convicted on his plea of guilty, there was no proof developed as to the amount of loss sustained" *(People v Dixon, supra,* at 878; *cf., People v Clougher,* 95 AD2d 860). It is apparent that the court improperly relied on amounts recited in the presentence report or in a sentencing memorandum prepared by the Assistant District Attorney. Those documents do not provide a sufficient basis upon which to order restitution without a hearing *(see, People*

*v Dixon, supra; People v Sommer,* 105 AD2d 1052, 1053; *People v Clougher, supra).* Therefore, the sentence must be modified to vacate the order of restitution and the matter remitted to the sentencing court for a hearing on the amount of loss or damage caused by defendant (Penal Law § 60.27 [2]; § 65.10 [2] [g]; *People v Fuller,* 57 NY2d 152, 157-159; *People v Dixon, supra; People v Sommer, supra).* (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—attempted burglary, third degree.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.