FOURTH DEPARTMENT, DECEMBER, 1988

(December 23, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BENTIVEGNA, Appellant.—Judgment unanimously modified on the law and as modified affirmed, and matter remitted to Ontario County Court for further proceedings, in accordance with the following memorandum: On appeal from a judgment convicting him of a total of 19 counts of burglary, larceny, and criminal mischief, defendant challenges that portion of his sentence obligating him to "pay probation restitution in the amount not to exceed $14,151.68" with the "exact amount of that damage less the amount of property to be returned * * * to be ascertained by the probation department." The court erred in failing to fix the amount of restitution at the time of sentencing *(see,* Penal Law § 60.27 [2]; CPL 400.30; *cf.,* Penal Law § 65.10 [2] [g]). Instead, the court improperly delegated the task of fixing the amount of restitution to probation authorities *(People v Fuller,* 57 NY2d 152, 155-159). Moreover, the court erred in failing to conduct a hearing, either at the time of sentencing or at defendant's subsequent request to be resentenced, to determine the victims' losses or to consider defendant's claim that he could not afford to make restitution (Penal Law § 60.27 [1], [2]; CPL 420.10 [5]; *see, People v Millar,* 144 AD2d 1032; *People v Dixon,* 134 AD2d 877, 878; *People v Sommer,* 105 AD2d 1052, 1053; *People v Clougher,* 95 AD2d 860). Where the record is insufficient to support a finding of the proper amount of restitution, "the court must conduct a hearing" (Penal Law § 60.27 [2]). " 'Because defendant was convicted on his plea of guilty, there was no proof developed as to the amount of loss sustained' " *(People v Millar, supra,* at 1032; *People v Dixon, supra).* Defendant's consent to the restitution condition and

failure to request a hearing at the time of sentencing do not defeat his claim because of the " 'essential nature' " of defendant's right to be sentenced as prescribed by law *(People v Fuller, supra,* at 156; *see, People v Dixon, supra).*

We have considered defendant's other contention and conclude that it is without merit *(cf., People v Hall-Wilson,* 69 NY2d 154). (Appeal from judgment of Ontario County Court, Reed, J.—burglary, second degree, and other charges.) Present —Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.