■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WEST, Appellant. Judgment unanimously modified on the law and as modified affirmed and matter remitted to Ontario County Court for further proceedings, in accordance with the following memorandum: The court erred in ordering defendant to pay restitution of $6,081.35 without conducting a hearing to determine the proper amount of restitution (see, Penal Law § 60.27 [2]; cf., CPL 400.30). Where the record is insufficient to support a finding as to the proper amount of restitution, "the court must conduct a hearing" (Penal Law § 60.27 [2]; People v Bentivegna, 145 AD2d 899; People v Millar, 144 AD2d 1032; People v Dixon, 134 AD2d 877, 878). " 'Because defendant was convicted on his plea of guilty, there was no proof developed as to the amount of loss sustained' " (People v Millar,

*supra,* at 1032; *People v Dixon, supra).* Although the record is not clear, the court appears to have relied on a probation or presentence report in fixing the amount of restitution. Such reports do not provide a sufficient basis upon which to order restitution without a hearing *(People v Millar, supra; People v Dixon, supra; People v Sommer,* 105 AD2d 1052, 1053; *People v Clougher,* 95 AD2d 860). Defendant's failure to request a hearing at the time of sentencing or object to the court's summary imposition of a restitution condition does not relieve the court of its obligation to conduct a hearing *sua sponte* because of the " 'essential nature' " of defendant's right to be sentenced as prescribed by law *(People v Fuller,* 57 NY2d 152, 156; *People v Bentivegna, supra; People v Dixon, supra).* (Appeal from judgment of Ontario County Court, Henry, J.—burglary, third degree, and other charges.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.