■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WELSHER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty to one count of attempted robbery, third degree. He was sentenced as a second felony offender to serve an indeterminate sentence of 1½ to 3 years and to make $900 restitution to the victim over a five-year period. Defendant's sole claim on appeal is that the restitution provision of his sentence should be vacated because the court erred in ordering restitution without conducting a hearing to determine the amount.

Defendant is entitled to a hearing on the issue of the amount of restitution if the record before the sentencing court

is insufficient to allow that court to make such a finding *(see, People v Fuller,* 57 NY2d 152, 156; *People v Dixon,* 134 AD2d 877, 878; *People v Sommer,* 105 AD2d 1052, 1053; *People v Clougher,* 95 AD2d 860). Furthermore, the court may not abdicate its responsibility to fix the amount of restitution to any other agency *(People v Fuller, supra,* at 158; *People v Miller,* 133 AD2d 784, *lv denied* 70 NY2d 934) or to the District Attorney *(People v Dixon, supra,* at 878) or base a finding solely upon the presentence report *(see, People v Cheatum,* 148 AD2d 986, *lv denied* 74 NY2d 662; *People v Dixon, supra).*

In this case a hearing was not necessary because the record was sufficient to allow the court to make a finding "as to the fruits of the offense" (Penal Law § 60.27 [2]). It is apparent that the court based its finding that the fruits of the crime amounted to $900 from the entire record, which included the victim's sworn statement to this effect. (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.—attempted robbery, third degree.) Present—Callahan, J. P., Boomer, Pine, Lawton and Davis, JJ.