■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. GUDAT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered June 22, 1988, convicting him of robbery in the second degree, upon his plea of guilty, and sentencing him to an indeterminate term of 1½ to 4½ years' imprisonment to run consecutively with specified sentences previously imposed upon the defendant, and directing him to make restitution in the amount of $560.84.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision thereof directing the defendant to make restitution in the amount of $560.84; as so modified, the judgment is affirmed and the matter is remitted to the County Court, Nassau County, for a hearing and new determination concerning the proper amount of restitution and the manner of payment thereof.

The plea record and the presentence report were insufficient to enable the court to determine the proper amount of restitution and, therefore, a hearing was required *(see, People v Clougher,* 95 AD2d 860). "While the [sentencing] court acted properly in employing the Probation Department as a preliminary fact finder to ascertain the appropriate amount of restitution * * * the court should have conducted a hearing upon receipt of the Probation Department's report. Moreover, defendant's failure at the time of sentencing to request a hearing on the issue of restitution did not constitute a forfeiture of his right of review by this court, as the failure to accord him a hearing on that issue constituted a departure from 'the "es-

sential nature" of the right to be sentenced as provided by law' " *(People v Clougher, supra,* at 860).

The defendant's remaining contention is without merit *(see, People v Kazepis,* 101 AD2d 816; *People v Suitte,* 90 AD2d 80). Mollen, P. J., Bracken, Lawrence and Rosenblatt, JJ., concur.