■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAWNELL WESTMORELAND, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: The People concede that the judgment must be modified by dismissing the assault count and vacating the sentence imposed thereon. It is an inclusory concurrent count of second degree robbery *(see,* CPL 300.40 [3] [b]). We have examined the other issues raised by defendant's appellate counsel and by defendant in his *pro se* brief and find none with merit. (Appeal from judgment of Monroe County Court, Wisner, J.—kidnapping, first degree.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MACK, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Erie County Court for further proceedings, in accordance with the following memorandum: The court erred in directing defendant to pay restitution without conducting a hearing to determine the correct amount. The sole basis for the court's restitution order was a statement in the presentence report. This statement does not form a sufficient basis upon which to order restitution *(see, People v Cheatum,* 148 AD2d 986, *lv denied* 74 NY2d 662; *People v Dixon,* 134 AD2d 877, 878; *People v Sommer,* 105 AD2d 1052). The order of restitution is therefore vacated and the matter is remitted to the sentencing court for a hearing on the proper amount of restitution. (Appeal from judgment of Erie County Court, D'Amico, J.—robbery, first degree.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.