◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDY HOFFMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered March 20, 1987, convicting him of burglary in the third degree and possession of burglars' tools, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the provision thereof which requires the defendant to make restitution in the amount of $1,082.44; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for a new determination of the amount of restitution required under Penal Law § 60.27.

We find, as the People concede, that the County Court improperly delegated to the Nassau County Probation Department the authority to determine the amount and manner of restitution *(see, People v Fuller,* 57 NY2d 152; *People v Bray,* 150 AD2d 788; *People v Bentivegna,* 145 AD2d 899). The court failed to make any independent judicial finding as to the actual losses sustained by the victims, nor did it consider whether the defendant could afford to make restitution *(see, People v Millar,* 144 AD2d 1032; *People v Bowden,* 131 AD2d 581; *People v White,* 119 AD2d 708). Brown, J. P., Kunzeman, Eiber and Miller, JJ., concur.