■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM H. BERNSTEIN, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to one count each of grand larceny in the third degree (Penal Law § 155.35) and driving while intoxicated as a misdemeanor (Vehicle and Traffic Law § 1192 [3]), and was sentenced to five years' and three years' probation, respectively. He was ordered to spend the first 120 days of the felony probation sentence in the Monroe County Jail. The court also revoked defendant's driver's license, ordered him to make restitution in the amount of $39,089, and imposed a surcharge of $1,954.45.

Defendant was subsequently found to have violated the conditions of probation after he was seen driving an automobile at various locations in the City of Rochester. He was

resentenced to concurrent terms of imprisonment of 1 to 4 years for the felony and one year for the misdemeanor. While incarcerated, defendant moved pursuant to CPL article 440 to vacate his original sentence. The motion was denied. These appeals are from the original judgment, the amended judgment and the order denying defendant's application under CPL article 440. In each instance, we affirm.

It is conceded that the court erred in failing to specify the manner of performance and the date by which restitution was to have been paid in full (see, Penal Law § 65.10 [2] [g]; see also, People v Fuller, 57 NY2d 152). While ordinarily we would remit the case to allow the sentencing court to correct the error (see, People v DeFrancesco, 136 AD2d 560; see also, People v Williams, 154 AD2d 945, lv denied 75 NY2d 819; People v Bentivegna, 145 AD2d 899; People v West, 145 AD2d 980; People v Dixon, 134 AD2d 877; People v Minutoli, 128 AD2d 813, lv denied 70 NY2d 651), it is unnecessary to do so here. Defendant violated a valid condition of probation unrelated to restitution and, upon resentencing, was relieved of the obligation to make restitution. Thus, remittal would serve no useful purpose.

Additionally, the court's failure strictly to comply with the requirement of CPL 410.10 (1), that defendant "be given a written copy of the conditions [of probation] at the time sentence is imposed", does not vitiate defendant's conviction for violating probation. Defendant was told of the conditions at the time of sentencing. While incarcerated under the original sentence, he was given the conditions in writing. The record includes a copy of the written conditions containing defendant's signature. There can be no doubt that defendant had notice of the precise conditions of probation prior to his release (see, People v Nazarian, 150 AD2d 923, lv denied 74 NY2d 744).

We have examined defendant's remaining contentions, including those in his pro se brief, and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Corning, J.—grand larceny, third degree.) Present—Dillon, P. J., Callahan, Doerr, Pine and Lawton, JJ.