■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KRONENBERG, Appellant.—Appeal by the defendant, as limited by his brief, from so much of a sentence of the County Court, Nassau County (Orenstein, J.), imposed April 9, 1987, as, upon his conviction of criminal possession of stolen property in the fourth degree, upon his plea of guilty, directed him to make restitution in the amount of $68,521.04.

Ordered that the sentence is reversed insofar as appealed from, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Nassau County, for a hearing and a new determination as to whether the defendant should be required to make restitution and, if so, the proper amount and the manner of performance.

While a probation department can serve as a preliminary fact finder with respect to the issue of restitution, the sentencing court has the duty to set the amount of restitution and the manner in which the restitution condition is to be satisfied *(see,* Penal Law § 60.27 [2]; *People v Fuller,* 57 NY2d 152; *People v Barnes,* 135 AD2d 825; *People v Miller,* 133 AD2d 784; *People v Clougher,* 95 AD2d 860). The failure of a sentencing court to afford a defendant a hearing in reference thereto constitutes a departure from the " 'essential nature' of the

right to be sentenced as provided by law" *(People v Fuller, supra,* at 156; *see also, People v Clougher, supra,* at 860).

As the People concede, in the instant case the sentencing court made no independent finding with respect to the amount and manner of restitution but rather improperly delegated its duty in this regard to the Nassau County Probation Department. The record is otherwise insufficient to support the sentencing court's determination requiring the defendant to pay restitution. Accordingly, we conclude that the defendant was deprived of his right to be sentenced in accordance with law and, notwithstanding the defendant's waiver of a hearing on the issue of restitution, the matter is remitted for a hearing on the proper amount of restitution and the manner of performance thereof *(see, People v Fuller, supra; People v Clougher, supra).* Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.