■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BYRD, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Ain, J.), imposed January 12, 1990, upon his conviction of burglary in the second degree, upon his plea of guilty, the sentence being an indeterminate term of 2½ to 7½ years imprisonment, a mandatory surcharge of $100, and restitution of $11,523.06.

Ordered that the sentence is modified, on the law, by vacating the provisions thereof directing the defendant to make restitution in the amount of $11,523.06 and imposing a mandatory $100 surcharge; as so modified, the sentence is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing and new determination concerning the proper amount of restitution.

Contrary to the People's contention, the record fails to establish that the defendant knowingly, intelligently and voluntarily waived his right to challenge the amount of restitution set by the sentencing court (see, People v Seaberg, 74 NY2d 1; People v Bray, 154 AD2d 692). We find that the manner in which restitution was determined violated the defendant's right to be sentenced as provided by law (see, People v Fuller, 57 NY2d 152; People v Kronenberg, 167 AD2d 483; People v Gudat, 155 AD2d 554).

Although a court may use the Probation Department as a preliminary factfinder in directing restitution, it must also require the production of competent evidence sufficient to support independent judicial findings as to the amount of the loss and as to the defendant's ability to pay the amount in issue. Here the court erred in allowing the probation report to be dispositive of the amount of restitution (see, People v Fuller, supra; People v Jones, 172 AD2d 693; People v Horton, 171 AD2d 688; People v Hoffman, 159 AD2d 638). The matter is therefore remitted to the County Court for a hearing to determine the proper amount of restitution, notwithstanding

the defendant's failure to request a hearing at sentencing *(see, People v Kronenberg, supra; People v Gudat, supra)*.

In addition, as the court erred in imposing a mandatory surcharge in addition to restitution, the sentence is modified accordingly *(see, People v Willis,* 168 AD2d 470; *People v Turco,* 130 AD2d 785; Penal Law § 60.35). Mangano, P. J., Bracken, Eiber, Balletta and O'Brien, JJ., concur.