■ The People of the State of New York, Respondent, v Mark Jackson, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Baker, J.), both rendered October 17, 1987, convicting him of burglary in the second degree (two counts; one count under each indictment), upon his pleas of guilty, and sentencing him to two concurrent indeterminate terms of three to nine years imprisonment, and directing him to make restitution in the amount of $1,535.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision thereof directing the defendant to make restitution in the amount of $1,535; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing and new determination concerning the proper amount of restitution and the manner of payment thereof.

The plea proceedings and the presentence report were insufficient to enable the court to determine the proper amount of restitution and, therefore, a hearing is required (see, People v Gudat, 155 AD2d 554; People v Clougher, 95 AD2d 860). As was noted in People v Clougher (supra, at 860, quoting from People v Fuller, 57 NY2d 152, 156): "While the [sentencing] court acted properly in employing the Probation Department as a preliminary fact finder to ascertain the appropriate amount of restitution * * * the court should have conducted a hearing upon receipt of the Probation Department's report. Moreover, defendant's failure at the time of sentencing to request a hearing on the issue of restitution did not constitute a forfeiture of his right of review by this court, as the failure to accord him a hearing on that issue constituted a departure from 'the "essential nature of the right to be sentenced as provided by law" ' ". Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.