OPINION OF THE COURT
Francis X. Egitto, J.
The People move to rescind the findings of Judicial Hearing Officer (JHO) Salvatore DeMatteo regarding a restitution issue on the ground that the referral of this issue was unauthorized.
On March 4, 1988, upon her plea of guilty, the defendant *454 was convicted of grand larceny in the fourth degree. A different Judge of this court ordered the defendant to pay restitution and sentenced her to probation, conditioned on her serving four weekends in jail.
On September 18, 1989, the Appellate Division, Second Department, upheld the conviction but vacated the sentence imposed, ruling that institutional confinement was not warranted (People v Kade, 153 AD2d 907). The court further held that absent the defendant’s admission as to the amount of the victim’s monetary loss, the proper amount of restitution could not be set without a hearing (People v Kade, supra).
On remand, the sentencing Judge vacated the defendant’s plea and conviction and recused himself from further involvement in the case. On May 4, 1990, on application for writ of prohibition, the Appellate Division reinstated the defendant’s plea and conviction and remanded the case to the Supreme Court, Kings County, before a Justice other than the sentencing Judge (Matter of Kuriansky v Coffinas, 161 AD2d 594). The case is now before this court for resentencing and for a hearing to determine the proper amount of restitution.
By notice of motion dated March 12, 1991, the People moved in limine with respect to the admission of evidence at the restitution hearing. First, the People sought introduction of the defendant’s plea allocution admitting a larceny from the State’s Medicaid program to the extent of $80,000. The People also sought to introduce the Grand Jury testimony of the defendant’s accomplice, Ajit Gaba. The defendant cross-moved to limit the restitution to the amount charged in the indictment.
At the request of this court, on March 20, 1991, the return date of the motion, Justice Aiello, Administrative Judge, Second Judicial District, appointed Salvatore DeMatteo as JHO to hear and report on the issue of the proper amount of restitution. Neither the People nor the defendant objected to the referral of the restitution issue to a JHO.
On May 6, 1991, JHO DeMatteo held a hearing. The People participated in the hearing and made no objection whatsoever to the JHO’s authority. The JHO filed recommendations against the People on both points of their motion and in favor of the defendant on her cross motion. Thereafter, on May 29, 1991, the People moved to rescind the JHO’s findings, claiming for the first time that the referral was unauthorized. The second branch of the People’s motion seeks to transfer the *455 proceedings back to this court for de nova adjudication of all matters. The court denies both branches of the motion.
Preliminarily, the court notes that the People’s failure to object to the referral of this issue to a JHO does not constitute waiver (see, People v Fuller, 57 NY2d 152). The general rule is that the failure to object to a court’s procedure establishes the court’s standard as the one applicable in the case (see, People v Malagon, 50 NY2d 954; People v Bell, 48 NY2d 913). Thus, a party’s right to any other standard is waived by inaction (see, People v Patterson, 39 NY2d 288, 294; People v Robinson, 36 NY2d 224, 228). Notwithstanding this general rule, however, certain rights have been held to be of such a fundamental nature that parties cannot consent to a proceeding disregarding these rights. Among these rights are certain procedures relating to sentencing.
With respect to sentencing, it has been held that a defendant cannot waive the right to have a Judge make the ultimate determination as to the proper amount of restitution (see, People v Fuller, supra). Similarly, courts have held that the right to a restitution hearing is not waived by failure to object where such a hearing is necessary to make a proper determination of the amount of restitution to be imposed (see, People v Baker, 156 AD2d 766; People v Miller, 133 AD2d 784). The People’s right to proper sentencing procedures has also been held nonwaivable (see, People v David, 65 NY2d 809).
In any event, even if the parties were able to waive their rights to proper sentencing, the court itself has a distinct responsibility to insure that its sentencing is done in accordance with the law (see, People v Peale, 122 AD2d 353, 354; People v Gustafson, 101 AD2d 920, 921). Thus, the People having brought the matter to the court’s attention, the court is compelled to examine whether its referral of the restitution issue to a JHO is authorized.
Section 851 of the Judiciary Law authorizes the creation of JHOs and their assignment to pending matters or parts of the courts. Subdivision (2) of the section states: "2. Assignments to a pending matter or to a part of court shall be made from each such panel as required by the judicial or administrative needs of the courts and in conformance with law and such rules as the chief administrator may promulgate.” Thus, under the Judiciary Law, reference of a pending matter to a JHO is authorized if: (a) required by the judicial or administrative needs of the court; and (b) done in conformance with *456 the law; and (c) done in conformance with any rules promulgated by the Chief Administrator. The court finds that all three requirements have been met in this case.
First, the making of a report sufficient for use in determining the proper amount of restitution is required by the administrative needs of this court. The law is clear that a Judge must make the ultimate determination as to the proper amount of restitution and cannot delegate this determination to any other authority (see, People v Fuller, supra; People v Julye, 64 AD2d 614). In making this determination, however, the court may rely on a preliminary fact finder (see, People v Fuller, supra). The preliminary fact-finding reports must contain a record sufficient on which to base an independent determination (see, People v Clougher, 95 AD2d 860; People v Byrd, 175 AD2d 170).
Turning to the second requirement, the court finds that referral of the restitution issue to a JHO is "in conformance with law”. In construing the meaning of this requirement, the court is guided by the principle that statutes should be interpreted so as to give meaning to all their parts (see, New York State Bridge Auth. v Moore, 299 NY 410, 416).
The sole section pertaining to JHO assignments is section 851 of the Judiciary Law, which authorizes the assignment of a JHO to "a part of court.” This section set forth no limits regarding the kinds of proceedings at which a JHO may preside. In fact, nowhere does the Legislature enumerate or limit the kind of proceedings that may be referred to a JHO. In this court’s view, section 851’s authorization to assign JHOs to a part of the court has no import if the phrase "in conformance with law” is interpreted to mean as specifically designated by statute. Thus, the requirement that JHO assignments be in conformance with the law merely means that such assignments are subject to the restrictions of statutes and the Constitution.
Such restrictions were enacted simultaneously under chapter 840 of the Laws of 1983. For example, CPL 255.20 limits the power of a JHO in pretrial motions to "hearing and reporting” as opposed to "hearing and determining” (see, People v Scalza, 76 NY2d 604, 608). Similarly, CPL 350.20 limits trials by JHOs to cases of less than class A misdemeanor grade. The Legislature’s purpose in including these two sections in chapter 840 was not to limit JHO assignments to pretrial motions and trials, but rather to restrict the JHO’s power once assigned to such areas.
*457 The requirement that a JHO assignment be in .conformance with the law also mandates that the JHO not be assigned to exercise powers in violation of the Constitution. For instance, appointment of a JHO to hear and determine the proper amount of restitution would be unauthorized (see, People v Fuller, supra). However, the appointment of a JHO to hear and report to a Judge for determination is in conformance with law and authorized by Judiciary Law § 851. Thus, as neither statute nor Constitution prohibits the reference to hear and report on this issue it is permitted (see, People v Nuccio, 78 NY2d 102; People v Cade, 74 NY2d 410).
Finally, the third requirement of section 851 has been satisfied since the JHO assignment complied with the Rules of the Chief Administrator. The Rules of the Chief Administrator are similar to the authorizing statute in that no restrictions are placed on the kinds of proceedings at which a JHO may preside (see, 22 NYCRR 122.6). Upon recommendation of this court, Administrative Judge Aiello referred the restitution issue to JHO DeMatteo. The reference was in writing and specified that JHO DeMatteo was to hear and report on the issue of the proper amount of restitution. Thus, the assignment of this issue complied fully with the Rules of the Chief Administrator.
The three requirements of the authorizing statute having been met, the referral of this issue to JHO DeMatteo was authorized by section 851 of the Judiciary Law. Accordingly, the People’s motion is denied in its entirety.