■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEOPHUS JAMES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J., at trial; Winick, J., at sentencing), rendered June 25, 1991, convicting him of grand larceny in the third degree, criminal possession of stolen property in the third degree, reckless endangerment in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence, and directing him to make restitution in the amount of $745.50.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision thereof directing the defendant to make restitution in the amount of $745.50; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing and new determination concerning the proper amount of restitution and the manner of payment thereof.

The defendant challenges the legal sufficiency of the evidence concerning the value of the 1986 Chevrolet van which he stole. The complainant testified that he purchased the van new in 1986 for $13,000. Almost four years later, on September 3, 1990, the instant crime was committed. At that time the van was functional but the alternator was faulty. The People's expert testified that the value of the car at the time the defendant took it was between $3,500 to $4,000 and the faulty alternator had no effect on its value. The proof was legally sufficient to support, beyond a reasonable doubt, the finding that the car had a market value in excess of $3,000 at the time of the crime, thus satisfying the monetary criterion

set forth in Penal Law §§ 155.35 and 165.50 *(see, e.g., People v Davis,* 155 AD2d 611; *People v Perez,* 139 AD2d 603, 604). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant next challenges the trial court's award of restitution without first conducting a hearing. We find that the trial record and presentence report were insufficient to enable the court to determine the proper amount of restitution and, therefore, a hearing was required *(see, People v Gudat,* 155 AD2d 554). "While the [sentencing] court acted properly in employing the Probation Department as a preliminary fact finder to ascertain the appropriate amount of restitution * * * the court should have conducted a hearing upon receipt of the Probation Department's report. Moreover, defendant's failure at the time of sentencing to request a hearing on the issue of restitution did not constitute a forfeiture of his right of review by this court, as the failure to accord him a hearing on that issue constituted a departure from 'the "essential nature" of the right to be sentenced as provided by law' " *(People v Clougher,* 95 AD2d 860, quoting *People v Fuller,* 57 NY2d 152, 156).

The defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.