■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY BEAUDOIN, Appellant. [600 NYS2d 558] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Jefferson County Court for further proceedings in accordance with the following Memorandum: In ordering defendant to make restitution, the court did not determine the exact amount to be paid, but only set a ceiling of $22,000, with the exact amount to be fixed at a later date. When a court orders restitution, it must specifically set forth what amount is to be paid *(People v Fuller,* 57 NY2d 152, 158; *People v Sommer,* 105 AD2d 1052; *People v Ramirez,* 98 AD2d 985; *see also,* Penal Law §§ 60.27, 65.10 [2] [g]). The duty to make such findings may not be delegated to the Probation Department *(People v Fuller, supra,* at 155, 158-159; *People v De Berry,* 117 AD2d 1006). There are not sufficient facts in the record to make a determination and, therefore, we vacate the amount of restitution and remit this matter for a hearing to determine the amount of restitution to be paid by defendant *(see, People v Guise,* 179 AD2d 1027, *lv denied* 79 NY2d 1001; *People v Sommer, supra; People v Ramirez, supra).*

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Jefferson County Court, Clary, J.—Grand Larceny, 3rd Degree.) Present —Green, J. P., Pine, Lawton, Boomer and Boehm, JJ.