■ In the Matter of THOMAS F. HIGGINS, Respondent, v FRANK THOMAS, Appellant, and ROGER I. BLACKWELL et al., Constituting the Board of Elections of Erie County, Respondents. [603 NYS2d 782] —Order unanimously affirmed without costs for reasons stated in report of Referee at Supreme Court, Erie County. (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Election Law.) Present—Callahan, J. P., Lawton, Fallon, Boomer and Boehm, JJ. (Filed Aug. 20, 1993.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GRISWOLD, Appellant. [602 NYS2d 253] —Judgment unanimously affirmed. Memorandum: Defendant contends that his probation was improperly revoked because he was not given a written copy of the conditions of probation at the time sentence was imposed *(see,* CPL 410.10 [1]). We disagree. Defendant was told of the conditions at sentencing, received the conditions in writing while he was incarcerated at the Monroe County Jail under the original sentence, and signed a written copy of the conditions. Defendant had notice of the precise conditions of his probation prior to his release, and the failure to give him a written copy at sentencing does not vitiate his conviction for violating probation *(see, People v Davey,* 193 AD2d 1108; *People v Bernstein,* 163 AD2d 842, *lv denied* 76 NY2d 938).

The sentence imposed is neither harsh nor excessive. (Appeal from Judgment of Monroe County Court, Connell, J.—Violation of Probation.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.