■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERESA Y. HILL, Appellant. [617 NYS2d 676] —Judgment unanimously affirmed. Memorandum: Defendant entered a plea of guilty pursuant to *North Carolina v Alford* (400 US 25) to seven counts of an indictment charging her with grand larceny, petit larceny and forgery. The charges stemmed from the theft of money by defendant from her employer. Defendant was sentenced to a term of probation and a hearing was scheduled to determine the amount of restitution to be ordered by the court. Prior to commencement of the scheduled hearing, defendant stipulated on the record to the amount of restitution.

We reject the contention of defendant that the court imposed restitution in violation of Penal Law § 60.27 because it did not conduct a hearing to determine the proper amount of restitution. Defendant, who was represented by counsel, voluntarily, knowingly and intelligently waived her right to a hearing and stipulated to the amount of restitution. Moreover, defendant has failed to demonstrate that her waiver of a hearing constitutes a departure from the " 'essential nature' " of the right to be sentenced as provided by law *(People v Fuller,* 57 NY2d 152, 156). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Grand Larceny, 3rd Degree.) Present—Pine, J. P., Balio, Lawton, Callahan and Davis, JJ.