■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JODY M., Appellant. [618 NYS2d 587] —Peters, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered November 1, 1993, which sentenced defendant upon his adjudication as a youthful offender.

Defendant appeals solely from that portion of his sentence which ordered restitution. Defendant pleaded guilty to one charge in satisfaction of a five-count superior court information charging him with five burglaries. He now challenges the amount of restitution fixed by County Court based solely upon

the unsworn attachments to the presentence probation report. Absent defendant's express consent to, or explicit admission or concession of, a victim's monetary loss *(see, People v Lugo,* 191 AD2d 648; *People v Kade,* 153 AD2d 907, 908; *see also, People v Moore,* 176 AD2d 968) and absent sufficient evidence in the record as the basis for the court's determination *(see, People v Welsher,* 154 AD2d 915, 916, *lv denied* 74 NY2d 952), a sentencing court must hold a hearing to determine the amount of restitution *(People v Beaudoin,* 195 AD2d 996, *lv denied* 82 NY2d 891; *People v James,* 186 AD2d 679; *People v Kronenberg,* 167 AD2d 483, 484; *see also, People v Callahan,* 80 NY2d 273, 281). The record contains neither consent, admission, nor evidence regarding the losses of the several victims. Accordingly, the matter must be remitted for a hearing to determine the proper amount of restitution.

Defendant is also correct in his contention that while restitution may be ordered for offenses contained in any accusatory instrument disposed of by a plea of guilty by the defendant to an offense *(see,* Penal Law § 60.27 [5] [a]; *People v Bertolino,* 199 AD2d 715, *lv denied* 83 NY2d 849), he cannot be ordered to pay restitution for uncharged criminal acts of which he denies guilt.

Cardona, P. J., White and Casey, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Franklin County for a hearing and a new determination as to the proper amount of restitution; and as so modified, affirmed.