■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH VANN, Appellant. [732 NYS2d 240] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered October 19, 2000, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

From October 1995 through January 1996, the defendant worked part-time while collecting unemployment benefits. Over three years later, the District Attorney's office filed a felony complaint charging him with grand larceny, based upon information forwarded by the Department of Labor. The defendant filed a motion to dismiss the indictment, contending that his right to due process was violated by the delay in prosecution. The Supreme Court denied the motion, after a hearing, finding that the prosecution met its burden of establishing good cause for the delay. At issue on this appeal is whether the delay of the investigators of the Department of Labor is attributable to the People, and whether the delay violated the defendant's due process rights.

"[A] suspect's primary protection against protracted delay in being brought to bar ordinarily is the Statute of Limitations, but delay in arresting or lodging charges over a lesser period of time may, in special circumstances, impair the right to a fair trial" (*People v Fuller,* 57 NY2d 152, 159). The People are not chargeable with the time that the Department of Labor spent investigating the defendant's case, for the purpose of determining whether the lapse of time between the commission of the offense and the filing of the felony complaint, violated his right to due process (*see, People v Fuller, supra*). Moreover, having examined the defendant's claim in light of the factors set forth in *People v Taranovich* (37 NY2d 442, 445), we conclude that he was not denied the right to a speedy trial. O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.