■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY W. BROWN, Appellant. (Appeal No. 1.) [894 NYS2d 620]—

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered April 14, 2008. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from two judgments each convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [1]), defendant contends that County Court erred in delegating its authority to determine the amount of restitution to be imposed to the Probation Department. Although that contention is not encompassed by defendant's valid waiver of the right to appeal (*see e.g. People v Dort,* 277 AD2d 487 [2000]; *People v Denue,* 275 AD2d 863 [2000]), we nevertheless conclude that it lacks merit. It is well settled that the court "may call on [the Probation Department] to act as a preliminary fact finder and submit its recommendations in a written report" (*People v Fuller,* 57 NY2d 152, 158 [1982]). Here, the court rather than the Probation Department fixed the amount of restitution and imposed that amount at the time of sentencing, and we thus conclude that there was no improper delegation of authority (*cf. People v Beaudoin,* 195 AD2d 996 [1993], *lv denied* 82 NY2d 891 [1993]; *People v Bentivegna,* 145 AD2d 899 [1988]).

Although "[t]he challenge by defendant to the amount of restitution is not foreclosed by his [valid] waiver of the right to appeal because the amount of restitution was not included in the terms of the plea agreement" (*People v Sweeney,* 4 AD3d 769, 770 [2004], *lv denied* 2 NY3d 807 [2004]), we conclude that defendant waived that contention inasmuch as he expressly consented to the amount of restitution recommended by the Probation Department in the presentence report (*see generally People v Huffman,* 288 AD2d 907 [2001], *lv denied* 97 NY2d 755 [2002]; *People v Chambers,* 242 AD2d 860 [1997]). Present— Smith, J.P., Carni, Pine and Gorski, JJ.