THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR ALBANO, Appellant.

The police were called to Our Lady of Lourdes Church in West Islip by a priest who had observed someone enter the locked church. Upon searching the church, the police found the defendant hiding in a confessional. When a policeman asked him what he was doing there, the defendant replied that he had come into the church to get money for food. The defendant was advised of his *Miranda* rights at the church and was not questioned further until he arrived at the precinct. After waiving his *Miranda* rights at the precinct, the defendant admitted entering the church through a window and taking some change from the poor box.

The trial court properly denied the defendant's motion to suppress his statements to the police. The policeman's question asking the defendant what he was doing was not a custodial interrogation but was designed to clarify the situation. A policeman investigating suspicious circumstances may make such an inquiry without first reciting the *Miranda* warnings *(People v Huffman,* 41 NY2d 29). The statements the defendant made at the precinct were properly admitted since he had voluntarily waived his *Miranda* rights.

The defendant did not controvert his status as a second felony offender at sentencing but argues on appeal that the sentence imposed violates the constitutional prohibition against cruel and unusual punishment. This issue is not preserved for review *(see, People v Thomas,* 108 AD2d 884). In any event, ordinarily a sentence that is within statutory limits does not constitute cruel and unusual punishment absent exceptional circumstances *(People v Jones,* 39 NY2d 694). We note that the trial court took into account the defendant's background and the circumstances of the case in imposing the minimum sentence permissible under the statute.

The prosecutor's comments during summation were not objected to by defense counsel so this issue is not preserved for review. In any event, his summation did not deprive the defendant of a fair trial. The defendant's remaining contention, that the People failed to prove his guilt beyond a reasonable doubt, is without merit. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.