OPINION OF THE COURT
Marvin E. Segal, J.
On February 3, 1987 defendant Javier Rivera, age 17, pleaded guilty to attempted unauthorized use of a vehicle, a class B misdemeanor. The defendant admitted to knowing that the vehicle, a 1980 Mazda, was stolen while he was a passenger in the vehicle. The codefendant, Anthony Valdez, was the *351 driver of the vehicle. The defendant contends, and codefendant Valdez affirms that once the defendant Rivera became aware that the police were in pursuit, the defendant yelled to Valdez to stop the vehicle, which at the time was speeding at 80 mph. Codefendant Valdez ignored the defendant and shortly thereafter the vehicle collided with a 1975 Chevrolet. Both vehicles were totaled with property damage claimed for the combined sum of $5,132. On March 17, 1987, Anthony Valdez was sentenced before the Hon. Bruce Alpert to three years’ probation and $2,566 restitution as a condition thereof. The restitution to be paid by Anthony Valdez represents one half of the amount of damage caused by the accident.
Can the defendant Javier Rivera be required to pay restitution for one half of the amount of damage caused by an accident in which he was a passenger in the vehicle responsible for the accident?
The defendant, Javier Rivera, is liable for the offense of attempted unauthorized use of a vehicle and is responsible for the damage caused as a result of the offense. The defendant has already pleaded guilty to the offense and admitted knowing the vehicle was stolen.
The fact that the codefendant, Anthony Valdez, testified at the restitution hearing that the defendant Rivera told him to stop the vehicle before the accident, has no bearing on Javier Rivera’s liability for the damage, since a person is criminally liable for the conduct of another when he intentionally solicits, requests or aids such person to engage in such conduct. (See, People v Bosque, 78 AD2d 986 [4th Dept 1980]; Penal Law § 20.00.) In the instant case, the defendant aided codefendant Valdez in the unauthorized use of a motor vehicle. Accordingly, the defendant is liable for the conduct of Valdez while driving the vehicle. (Penal Law § 20.00.)
This court has the discretion to condition the defendant’s probation on the payment of restitution for the damage caused by his offense pursuant to Penal Law § 65.10. Accordingly, the court directs defendant to pay $2,566 in restitution, since the court finds that the total damage caused by defendant’s participation in the offense amounted to the sum of $5,132. Whether or not defendant can pay the restitution ordered by the court will be determined at the time the sentence of probation is imposed.