■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOVANSA BARNES, Appellant.—Appeal by the defendant, as limited by his brief, from so much of a sentence of the County Court, Nassau County (Boklan, J), imposed January 6, 1987, as required him to make restitution in the amount of

$61,097.93, upon his conviction of attempted burglary in the second degree, upon his plea of guilty.

Ordered that the sentence is reversed insofar as appealed from, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Nassau County, for a hearing and a new determination as to whether the defendant should be required to make restitution and, if so, the proper amount and the manner of performance.

The defendant pleaded guilty to attempted burglary in the second degree and was sentenced as a second felony offender to an indeterminate term of from 2 to 4 years' imprisonment. He was also ordered to pay $61,097.93 to be divided between the victim and an insurance company. The court had advised the defendant at the change of plea hearing that restitution would be ordered in an amount to be determined by the Probation Department. The presentence report indicated that the victim had suffered a loss of $61,097.93 of which he had been reimbursed for $15,587 by his insurance company. At the time of sentencing, the defense counsel, in response to the court's inquiry, indicated that the defendant did not have the financial resources to pay restitution. The court also expressed its doubts as to the defendant's ability to pay restitution "in the immediate future". The court accepted the finding by the Probation Department as to the victim's monetary loss and notwithstanding the defendant's inability to pay, ordered the defendant to make restitution in the full amount of the victim's loss as found by the Probation Department.

The sentencing court acted properly in employing the Probation Department as a preliminary fact finder to determine the appropriate amount of restitution (see, People v Fuller, 57 NY2d 152, 158-159; People v Miller, 133 AD2d 784; People v Clougher, 95 AD2d 860). We find, however, that notwithstanding defense counsel's failure to request a hearing on the issue of restitution, the sentencing court should have conducted a hearing to determine the proper amount of restitution with due consideration being given to whether the defendant has the ability to pay. There is no indication in the record or the presentence report as to whether the calculation of the victim's loss is a proper restitution figure. Nor is there a showing as to the manner in which the amount of restitution was determined. Where the court orders an amount of restitution which is not supported by the record, the matter should be remitted for a hearing on the proper amount of restitution and the manner of performance thereof (see, Penal Law

§ 60.27 [2]; *People v Miller, supra; People v Clougher, supra; see also, People v Sommer,* 105 AD2d 1052; *cf., People v Turco,* 130 AD2d 785).

We further note that a $10,000 limit for restitution ordered upon a conviction of a felony and a $5,000 limit for restitution ordered upon conviction of any other offense is provided in Penal Law § 60.27 (5) (a), unless the defendant consents to pay more. The defendant's failure at the time of sentencing to object to the amount of restitution might be deemed to constitute an implied consent. Nevertheless, if the record were otherwise sufficient, we would reverse the sentence with respect to the restitution ordered in the interest of justice as unduly harsh and excessive in view of the defendant's minimal employment history and his obvious lack of financial resources. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.