■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RICHARDSON, Appellant.—Appeal by the defendant, as limited by his notice of appeal, from a sentence of the Supreme Court, Westchester County (Colabella, J.), imposed October 28, 1985.

Ordered that the sentence is affirmed.

The defendant, knowing that he would receive the sentence which was thereafter actually imposed, declined the sentencing court's offer for an opportunity to withdraw his plea of guilty which the sentencing court made when it concluded that the originally promised sentence would have been illegal *(see, People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122; *cf., People v Nilsson,* 132 AD2d 577). He shows no basis for finding that the sentence was excessive *(cf., People v Kazepis,* 101 AD2d 816). Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRON ROBERTS, Appellant.—Appeal by the defendant, as limited by his brief, from (1) a sentence of the County Court, Nassau County (Boklan, J.), imposed October 5, 1987, upon his conviction of criminal possession of a weapon in the third degree under S.C.I. No. 66438, and (2) an amended judgment of the same court, rendered the same day, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment, upon his previous conviction of robbery in the second degree under S.C.I. No. 62073.

Ordered that the sentence and amended judgment are affirmed.

The defendant contends on appeal that the sentences imposed by the court, in compliance with the terms of his negotiated plea bargain, constitute cruel and unusual punishment in violation of constitutional proscriptions (NY Const, art I, § 5; US Const 8th Amend). "[O]rdinarily a sentence that is within statutory limits does not constitute cruel and unusual punishment absent exceptional circumstances *(People v Jones,* 39 NY2d 694)" *(People v Albano,* 124 AD2d 739, 740, *lv denied* 69 NY2d 824; *People v Medina,* 140 AD2d 549). After reviewing the record on this appeal, we find no exceptional circumstances to support such a claim. Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.