■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO PEREZ, Appellant.—Appeal by the defendant, as limited by his brief, from two sentences of the County Court, Nassau County (Baker, J.), both imposed April 21, 1988, upon his convictions of criminal sale of a controlled substance in the second degree (2 counts, 1 under each indictment), upon his pleas of guilty, the sentences being, *inter alia,* concurrent indeterminate terms of imprisonment of five years' to life imprisonment.

Ordered that the sentences are affirmed.

The defendant's only appellate argument is that the terms of imprisonment imposed constitute cruel and unusual punishment in violation of constitutional proscriptions (NY Const, art I, § 5; US Const 8th Amend). However, this issue is not preserved for our review as a matter of law since no such claim was made before the County Court (see, *People v Albano,* 124 AD2d 739, 740, *lv denied* 69 NY2d 824). "In any event, ordinarily a sentence that is within statutory limits does not constitute cruel and unusual punishment absent exceptional circumstances" *(People v Albano, supra,* at 740; *see, People v Roberts,* 144 AD2d 395; *People v Medina,* 140 AD2d 549). A review of the record indicates that there are no exceptional circumstances warranting modification of the sentences imposed. The trial court was aware of the defendant's background, his lack of a prior criminal history, the circumstances of the offenses, the sentences imposed upon some of the codefendants, and the defendant's efforts at rehabilitation during incarceration, before imposing sentences which were less than the maximum permissible terms for class A-II felony offenses. Mangano, J. P., Brown, Lawrence, Kooper and Harwood, JJ., concur.