■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLPH ASCH, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered September 6, 1988, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree, as modified by order dated December 7, 1989, directing restitution in the amount of $1,900.

This appeal was previously before this court, at which time we withheld decision and remitted the matter to County Court for a hearing to ascertain the amount of restitution (155 AD2d 735). The other issues raised on appeal were held in abeyance. County Court subsequently received a stipulation by counsel for both sides that restitution, if any, be in the amount of $1,900 and County Court thereafter ordered restitution in the stipulated amount. We now consider the other issues raised in the original briefs on this appeal, specifically (1) whether Penal Law § 60.27 as applied to defendant is unconstitutional because it allegedly permits restitution to be imposed on defendant for a crime he did not commit, and (2) whether the sentence imposed (2 to 4 years in prison upon being found to be a second felony offender) was excessive.

As to the first issue, defendant agreed as part of the plea bargain to pay restitution for the vehicle if County Court decided to impose it, although the amount of the restitution was not set. Defendant did agree, however, that the value of the vehicle was over $1,000. Other than the uncertainty over

the amount of restitution, defendant did not challenge the constitutionality of the court's right to impose restitution as part of the bargained plea agreement in County Court, and thus failed to preserve it for appellate review *(see, People v McGowen,* 42 NY2d 905, 906; *see also, People v Santiago,* 51 AD2d 1, 7-8, *revd sub nom. People v Carlos S.,* 40 NY2d 990, *cert denied sub nom. New York v Luis J.,* 431 US 908).

In any event, there was a sufficient connection between the crime to which defendant pleaded guilty and the damages to the stolen car to impose restitution on defendant pursuant to Penal Law § 60.27. Defendant was a bailee of the stolen car and, thus, was liable for damage to the vehicle while it was in his care. Further, County Court was within its discretion in rejecting defendant's explanation that the damage was done by his passenger. Considering the circumstances and the facts recited in the plea allocution, County Court could properly infer that defendant and his passenger were acting in concert in taking the car and damaging it *(see, People v Rivera,* 135 Misc 2d 350). Thus, the restitution provision cannot be said to have been unconstitutionally applied to defendant on the ground that it was imposed for a crime he did not commit.

Defendant further argues that the order to pay restitution in the agreed amount of $1,900 is harsh and excessive because of his financial condition. Defendant's probation report indicates, however, that after he was released from incarceration in July 1986 he was employed for a three-month period as a truck driver for a ready mix concrete company. After being terminated from that position, he went on public assistance. The fact that he was able to remain employed for that period of time indicates that he is employable. We cannot say at this time, therefore, that County Court's decision to impose restitution payable a year after defendant's release from prison is unreasonable *(see, People v Barnes,* 135 AD2d 825) or an abuse of that court's sentencing discretion.

Finally, we find that the sentence imposed by County Court was a legal sentence. Defendant has demonstrated no abuse of the sentencing court's discretion as to the term of incarceration and no reason to disturb the sentence imposed *(see, People v Hochberg,* 62 AD2d 239; *People v Dittmar,* 41 AD2d 788).

The judgment of conviction should be affirmed in all respects.

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.