■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LOCKE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered September 8, 1987, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain physical evidence, certain statements made by him to law enforcement officials and certain identification testimony. By decision and order of this court dated October 23, 1989 *(see, People v Locke,* 154 AD2d 622) the matter was remitted to the County Court, Nassau County, to resettle the sentencing minutes. The County Court has now complied.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's suppression request which was based on the ground that he was illegally stopped by the police. Contrary to the defendant's specific contention, the police had sufficient information, including a description of the two robbers, to justify stopping the defendant and his codefendant. The issue of the validity of

the showup identification of the defendant by the complainant is not preserved for appellate review as a matter of law *(see, People v Love,* 57 NY2d 1023, 1024). In any event, there was no constitutional infirmity in the use of a showup, which took place shortly after the robbery *(see, People v Brnja,* 50 NY2d 366, 372; *People v Smith,* 38 NY2d 882, 883; *People v Digiosaffatte,* 63 AD2d 703; *see also, People v Riley,* 70 NY2d 523, 529).

With respect to the defendant's challenge to his sentence, as resettled, it is well settled that "ordinarily a sentence that is within statutory limits does not constitute cruel and unusual punishment absent exceptional circumstances *(People v Jones,* 39 NY2d 694)" *(People v Albano,* 124 AD2d 739, 740; *see, People v Roberts,* 144 AD2d 395). There are no exceptional circumstances warranting appellate modification of the sentence. Lawrence, J. P., Kooper, Sullivan and Harwood, JJ., concur.