■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JAMISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 13, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARGIE JONES, Appellant.—Appeal by the defendant, as limited by her motion, from a sentence of the County Court, Nassau County (Thorp, J.), imposed January 22, 1990, upon her conviction of attempted assault in the second degree, upon her plea of guilty, the sentence being a definite term of one year imprisonment and restitution in the amount of $1,451.52.

Ordered that the sentence is modified, on the law, by vacating the provision thereof directing the defendant to make restitution in the amount of $1,451.52; as so modified, the sentence is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing with respect to the appropriate amount of restitution.

The People concede on appeal that the sentencing court relied upon the figures contained in the defendant's probation report in calculating the appropriate amount of restitution. The sentencing court erred in relying exclusively on this report and in failing to require the production of competent evidence sufficient to support independent findings of fact (*see, People v Fuller,* 57 NY2d 152; *People v Robinson,* 156 AD2d 731, 732). The defendant's argument that this error requires modification of the sentence must be reviewed on appeal as a question of law, even though no objection was made in the County Court (*see, People v Fuller, supra,* at 156; *People v Baker,* 156 AD2d 766, 767). Mangano, P. J., Bracken, Kooper, Balletta and Ritter, JJ., concur.