■ The People of the State of New York, Respondent, v Corey F. Stone, Appellant. [761 NYS2d 722] —Mercure, J.P. Appeals (1) from a judgment of the County Court of Clinton County (McGill, J.), rendered April 2, 2002, convicting defendant upon his plea of guilty of the crimes of making a punishable false written statement and hindering prosecution in the third degree, and (2) from an order of said court, entered May 13, 2002, which directed defendant to pay restitution.

In August 2001, after defendant and Debra Aumell shared several beers at a parking area in Clinton County, Aumell departed in her vehicle and defendant followed in his a few minutes later. As he approached a sharp curve a short distance from the parking area, defendant came upon Aumell running back to the parking lot. Aumell told him that she "hit a kid." The victim, a young boy, was lying near Aumell's car. The victim's cousin ran to a nearby house for help and, upon return-

ing, asked Aumell and defendant for help. Defendant, who claims that he felt for a pulse and found none, stated that there was nothing he could do. The victim's cousin then ran back to the house for towels and to confirm that emergency services had been contacted.

While the victim's cousin was gone, Aumell left in her vehicle and defendant followed in his. Aumell abandoned her car at a sawmill and defendant drove her to his home, where she called the State Police and reported her car stolen. The State Police came to defendant's home and, after speaking to Aumell, took her to the police station. The State Police also asked defendant to come to the station to provide a statement regarding Aumell's vehicle. Defendant claimed that the car had been stolen. Later that night, the State Police returned to defendant's home and he admitted that he had lied earlier about the day's events.

Defendant was indicted for the crimes of endangering the welfare of a child, hindering prosecution in the third degree and making a punishable false written statement. He pleaded guilty to the crimes of hindering prosecution in the third degree and making a punishable false written statement.* County Court sentenced him to 60 days' incarceration in the county jail and three years' probation. The court also ordered that defendant pay reparation—incorrectly denoted as restitution (*see People v Robinson*, 156 AD2d 731, 732 [1989])—to, among others, the victim's parents for their out-of-pocket losses. Defendant objected to the order. At a subsequent hearing on the matter, County Court refused to allow defendant to testify regarding his inability to pay and the absence of a causal nexus between his actions and the victim's death. The court ordered defendant, jointly and severally with Aumell, to pay approximately $4,500 in reparation. Defendant now appeals from the order, as well as the judgment of conviction.

Defendant argues that County Court erred in ordering him to pay reparation jointly and severally with Aumell because the People failed to establish a causal nexus between his actions and the death of the victim. Pursuant to Penal Law § 60.27 (1), a court may order a "defendant to make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused thereby." The term "offense" is broadly defined as including "the offense for which a defendant was convicted, as well as any other offense that is part of the

---

* Aumell pleaded guilty to criminally negligent homicide, leaving the scene of a personal injury accident resulting in death, and falsely reporting an incident in the third degree.

same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense" (Penal Law § 60.27 [4] [a]; *see People v Horne*, 97 NY2d 404, 412-413 [2002]). Thus, liability need not be apportioned among accomplices according to their percentage of fault or the precise harm that their individual actions caused. Indeed, "[w]hile the statute is silent on the issue, imposing joint and several liability on all perpetrators for the entire loss of the victim caused by their concerted action is more consistent with * * * [the] purposes of the restitution statute" (*People v Kim*, 91 NY2d 407, 412 [1998]).

We conclude that the record amply demonstrates that Aumell hit the victim with her vehicle and that defendant and Aumell, acting in concert, engaged in conduct that further endangered the victim by leaving him lying alone in the road when they fled the scene of the accident (*see generally People v Galatro*, 84 NY2d 160, 164 [1994]). Inasmuch as defendant's "offense," as defined by the statute, included conduct that ultimately caused the victim's death, reparation was properly imposed here (*see People v Kim, supra* at 412; *People v Sheehy*, 274 AD2d 844, 846 [2000], *lv denied* 95 NY2d 938 [2000]; *People v Asch*, 160 AD2d 1038, 1039 [1990], *lv denied* 76 NY2d 784 [1990]). We agree with defendant, however, that County Court erred in refusing to consider or permit the parties to submit evidence regarding defendant's ability to pay the reparation (*see People v Hall-Wilson*, 69 NY2d 154, 157-158 [1987]; *People v Dominique*, 229 AD2d 719, 720-721 [1996], *affd* 90 NY2d 880 [1997]; *see also* Penal Law § 65.10 [2] [g]). Accordingly, we remit the matter to County Court for a hearing on defendant's ability to pay.

Defendant's remaining contentions are either meritless or unpreserved for our review.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment and order are modified, on the law, by vacating that portion of the sentence that directed restitution; matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.