■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUN HANDY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered December 14, 1987, convicting him of attempted burglary in the second degree (three counts), upon his plea of guilty, and sentencing him to concurrent indeterminate terms of 1 to 3 years imprisonment on the first and third counts of the indictment, to run consecutively to an indeterminate term of 2⅓ to 7 years imprisonment imposed on the second count of the indictment, and directing him to make restitution in the amount of $3,723.57.

Ordered that the judgment is modified, on the law, by vacating the provision thereof directing the defendant to make restitution in the amount of $3,723.57; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing and new determination as to the proper amount of restitution.

Penal Law § 60.27 (2) states that "[w]henever the court requires restitution or reparation to be made, the court must make a finding as to the fruits of the offense or the loss or damage caused by the offense. If the record does not contain sufficient evidence to support such finding or upon request by the defendant, the court must conduct a hearing upon the issue in accordance with the procedure set forth in section 400.30 of the criminal procedure law" (see also, People v Kronenberg, 167 AD2d 483). At bar, the sentencing court directed that the defendant make restitution in the amount of $3,723.57. There is nothing in the record to indicate how the court ascertained this figure. Accordingly, the matter is remitted to the County Court, Nassau County, for a hearing to determine the proper amount of restitution (see, People v Byrd, 175 AD2d 170). Mangano, P. J., Kooper, Lawrence, Rosenblatt and Copertino, JJ., concur.