remitted to the County Court of Clinton County for further proceedings pursuant to CPL 460.50 (5).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN M. SPRY, Appellant. [625 NYS2d 98] —White, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 18, 1993, which ordered defendant to make restitution following his conviction of the crime of burglary in the third degree.

Pursuant to his plea, defendant was sentenced on May 21, 1993 to 1⅓ to 4 years' incarceration. At the time of sentence County Court advised defendant that because the figures were then unavailable, an order directing restitution would be signed at a later date. This was done on November 18, 1993, with defendant directed to make restitution in the amount of $3,512.94. Defendant is appealing solely from that portion of his sentence which ordered restitution, based upon the fact that County Court failed to hold a hearing to determine the validity of the amount of restitution.

Whenever a court requires restitution to be made, if the defendant so requests a hearing must be conducted on the issue of restitution (see, Penal Law § 60.27 [2]). In this case it is conceded that no hearing was held, although requested by the attorney for defendant. Thus, there was a lack of compliance with Penal Law § 60.27 (2) since there was no express consent to, or admission of, the victim's monetary loss. Accordingly, this matter must be remitted for a hearing to determine the amount of restitution (see, People v Jody M., 208 AD2d 1019; People v Beaudoin, 195 AD2d 996, lv denied 82 NY2d 891; People v Welsher, 154 AD2d 915, lv denied 74 NY2d 952).

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for a hearing as to the proper amount of restitution.