(December 17, 2009)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GJON GAZIVODA, Appellant. [891 NYS2d 504]—

Mercure, J.P.

Defendant was charged in an indictment with grand larceny in the second degree for violating Lien Law § 79-a (1) (b) by misappropriating trust funds. Specifically, defendant, through his business, Construx Development Corporation, accepted approximately $597,000 from two property owners in connection with contracts for the improvement of the owners' real property. Minimal work was performed on the property and, when the owners demanded that Construx refund their money, it failed to do so.

Defendant subsequently pleaded guilty to the crime charged. During the plea colloquy, defense counsel indicated that defendant was aware that he would be ordered to pay restitution and that the presentence investigation report (hereinafter PSI) would set forth the specific figure. Counsel expressly reserved defendant's right to request a hearing on restitution if defendant did not agree with the figure set forth in the PSI. We note that the PSI does not, in fact, specify a figure; rather, the People requested at sentencing that defendant be ordered to pay restitution in the amount of $525,000. Both defense counsel and defendant then requested a hearing on the matter, with defendant strenuously objecting to the accuracy of the figure.* Nev-

---

* Contrary to the People's assertion, defendant did not waive his objection to the amount of restitution ordered or acknowledge that amount as correct at sentencing. In fact, he repeatedly contested the amount, requested "a full-blown restitution hearing in this matter," indicated his desire to "personally

ertheless, County Court ordered that defendant pay the full amount of restitution requested by the People, without holding a hearing. The court then sentenced defendant to the agreed-upon term of 5 to 15 years in prison. Defendant appeals and we now modify and remit for a hearing on restitution.

Pursuant to statute, a restitution hearing is required "[i]f the record does not contain sufficient evidence to support [a] finding" of the actual out-of-pocket loss to the victim *or upon request by defendant*" (Penal Law § 60.27 [2] [emphasis added]; *see People v Tzitzikalakis*, 8 NY3d 217, 221 [2007]; *People v Peters*, 299 AD2d 663, 664 [2002]). Thus, when a defendant so requests, "the court [is] required to grant a hearing pursuant to Penal Law § 60.27 (2) irrespective of the level of evidence in the record and to provide defendant with a reasonable opportunity to contest the People's evidence or supply evidence on his [or her] own behalf" (*People v Consalvo*, 89 NY2d 140, 146 [1996]; *see People v Spry*, 214 AD2d 771 [1995]). Here, although defendant unequivocally and repeatedly demanded a hearing on restitution, no hearing was held. Accordingly, remittal is required for a hearing on the amount of restitution, at which the People will bear the burden of proving "both components of the restitution equation, the amount taken minus the benefit conferred" (*People v Tzitzikalakis*, 8 NY3d at 221-222; *see People v Consalvo*, 89 NY2d at 146; *People v Spry*, 214 AD2d at 771).

Defendant's remaining arguments require little discussion. There is no support in the record for defendant's assertion that County Court coerced him into abandoning his request to withdraw his plea (*see People v Morelli*, 46 AD3d 1215, 1216 [2007], *lv denied* 10 NY3d 814 [2008]). Furthermore, inasmuch as defendant " 'receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008], quoting *People v Ford*, 86 NY2d 397, 404 [1995]), his contention that he was denied the effective assistance of counsel lacks merit. Finally, we reject defendant's argument that his sentence—which was imposed in accordance with the plea agreement—was harsh and excessive, particularly given his criminal history and the fact that the sentence runs concurrently to those imposed for similar, but unrelated, crimes in other jurisdictions.

---

cross-examine" the People's witnesses at the hearing, and declared that he would pay the full amount of restitution ultimately ordered "[o]ver [his] dead body." Under these circumstances, it cannot be said that defendant failed to request a hearing or consented to the amount of restitution ordered, as the People contend.

Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.