■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE SPEARS, Appellant. [911 NYS2d 245]—

Garry, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered March 2, 2009, convicting defendant upon his plea of guilty of the crime of assault in the third degree.

Defendant pleaded guilty to one count of assault in the third degree and waived his right to appeal. County Court, as agreed, sentenced defendant to a jail term of one year and ordered him to pay restitution. Defendant now appeals.

Defendant first challenges the knowing and voluntary nature of his guilty plea. Initially, regardless of the validity of defendant's appeal waiver, his argument is unpreserved due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Abrams*, 75 AD3d 927, 928 [2010]; *People v Davis*, 74 AD3d 1490, 1490 [2010], *lv denied* 15 NY3d 850 [2010]). Nor does the narrow exception to the preservation requirement apply, as defendant made no statements during the plea allocution that were inconsistent with his guilt or otherwise called the voluntary nature of his plea into question (*see People v Goldstein*, 12 NY3d 295, 301 [2009]; *People v Harris*, 61 NY2d 9, 16-17 [1983]; *People v Jenks*, 69 AD3d 1120, 1121 [2010], *lv denied* 14 NY3d 841 [2010]).

Defendant's contention that County Court erred in neglecting to hold a restitution hearing survives even a valid appeal waiver, as the plea agreement did not specify an amount of restitution

to be awarded and reserved defendant's right to seek a restitution hearing (*see People v Thomas*, 71 AD3d 1231, 1232 [2010], *lv denied* 14 NY3d 893 [2010]; *People v Travis*, 64 AD3d 808, 808 [2009]). The argument is further preserved for our review, as defendant demanded the production of receipts to support the amount of restitution requested, as well as an adjournment in sentencing to permit such to occur (*see People v Consalvo*, 89 NY2d 140, 146 [1996]; *People v Spry*, 214 AD2d 771 [1995]). As defendant sought "a reasonable opportunity to contest the People's evidence or supply evidence on his own behalf," County Court was obliged to conduct a restitution hearing and remittal is required (*People v Consalvo*, 89 NY2d at 146; *see* Penal Law § 60.27; *People v Gazivoda*, 68 AD3d 1346, 1347 [2009], *lv denied* 14 NY3d 840 [2010]).

Peters, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Tompkins County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.