# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

663

KA 07-02496

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

GERARD IPPOLITO, ALSO KNOWN AS GERALD IPPOLITO,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered October 31, 2007. The judgment convicted defendant, upon a jury verdict, of grand larceny in the second degree and criminal possession of a forged instrument in the second degree (43 counts).

It is hereby ORDERED that the judgment so appealed from is modified on the law by reversing those parts convicting defendant of criminal possession of a forged instrument in the second degree under counts 2 through 15, 17 through 26 and 28 through 43 of the indictment and dismissing those counts, and by vacating the amount of restitution ordered and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for a hearing to determine the amount of restitution.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of grand larceny in the second degree (Penal Law § 155.40 [1]) and 43 counts of criminal possession of a forged instrument in the second degree (§ 170.25). We agree with defendant that his conviction of criminal possession of a forged instrument in the second degree under 40 counts of the indictment is not supported by legally sufficient evidence, and we therefore modify the judgment accordingly. Those 40 counts involve the checks on which defendant signed the victim's name while he was her attorney-in-fact pursuant to the power of attorney executed by the victim in June 2003. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the ostensible maker of the checks, i.e., the victim, authorized the actual maker of the checks, i.e., defendant, to make the checks, "which purport[] to be [the] authentic creation[s]" of the victim (§ 170.00 [4]). Thus, it cannot be said that the checks in question were falsely made (*see*

*id.*; § 170.10 [1]; § 170.25), although "recitals in the instrument may be false" or defendant may have exceeded the scope of authority delegated to him by the victim (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 170.00, at 326; *see also People v Cunningham*, 2 NY3d 593, 598-599; *People v Cannarozza*, 62 AD2d 503, 504-505, *affd* 48 NY2d 687). We therefore conclude that there is no valid line of reasoning or permissible inferences to support the conclusion reached by the jury with respect to the counts of criminal possession of a forged instrument in the second degree based on those checks (*see generally People v Bleakley*, 69 NY2d 490, 495). In light of our decision, we need not address defendant's further contention that the verdict with respect to those counts is against the weight of the evidence (*see generally People v Lawhorn*, 21 AD3d 1289, 1291).

We also agree with defendant that he was entitled to a hearing on the amount of restitution. Pursuant to Penal Law § 60.27 (2), County Court was required to conduct a hearing upon the request of the defendant, " 'irrespective of the level of evidence in the record' " (*People v Gazivoda*, 68 AD3d 1346, 1347, *lv denied* 14 NY3d 840, quoting *People v Consalvo*, 89 NY2d 140, 146). We therefore further modify the judgment by vacating the amount of restitution ordered, and we remit the matter to County Court for a hearing to determine the amount of restitution. The remaining contention of defendant in his main brief is not preserved for our review (*see generally People v Reed*, 277 AD2d 1043, *lv denied* 96 NY2d 805) and, in any event, that contention is without merit.

All concur except CARNI, J., who dissents in part and votes to modify in accordance with the following Memorandum: I respectfully disagree with the conclusion of my colleagues that defendant's signing of the name of the victim on the checks at issue did not constitute the " 'false[ ] mak[ing]' " of an instrument within the meaning of Penal Law § 170.00 (4). I conclude, as a matter of law, that the power of attorney executed by the victim did not authorize defendant to sign the victim's name to the subject checks and to purport such instruments and the signatures thereupon to be authentic creations of the victim (*see id.*). Therefore, I dissent in part.

Defendant concedes that he signed the victim's name to each check at issue. The victim testified at trial that she did not give defendant permission to sign her name on the checks. Therefore, "the People established in the first instance that [the checks were] forged instrument[s]. The burden of explanation then fell upon the defendant . . . to explain [that] the instrument[s] . . . had been executed by authority" (*People v Shanley*, 132 App Div 821, 829, *affd* 196 NY 574).

Initially, I conclude as a matter of law that the power of attorney did not authorize defendant to make and present the checks at issue as authentic or genuine (*see id.* at 830). Therefore, the instruments were forgeries inasmuch as they "purported to be what [they were] not, [i.e.], the personal act[s] of [the victim]" in signing each check (*id.*). The checks at issue bore no indication that defendant was acting in a representative capacity or under the

authority of a power of attorney.  Indeed, by signing the victim's name to the checks without any such indication and presenting the checks to third-party banking institutions, defendant denied those institutions the right and opportunity to inquire into the validity of his authority or the instrument under which he claimed such authority (*see People v Cunningham*, 2 NY3d 593, 598 n 4; 4 Blackstone, Commentaries on the Laws of England, at 245 [defining forgery as " 'the fraudulent making or alteration of a writing to the prejudice of another (person's) right' "]).  Upon the drawing and presentment of each check that defendant falsely purported to be authentically signed by the victim, defendant " 'made and uttered a false instrument [that] was an imitation and not what it purported to be' " (*Shanley*, 132 App Div at 831).  I therefore conclude that defendant's conviction of criminal possession of a forged instrument in the second degree under the 40 counts of the indictment challenged by defendant is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Further, "[i]t was a question of fact, under the circumstances of this case, whether the defendant did act under [the] power of attorney, irrespective of the question whether as [a] matter of law it conferred upon him authority to do what he did do" (*Shanley*, 132 App Div at 830).  The jury obviously concluded that defendant did not act under the power of attorney—regardless of any authority that it may have conferred upon him.  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), I conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

I agree with my colleagues that defendant's remaining contention in his main brief, i.e., that County Court erred in answering a juror question prior to deliberations without first consulting the parties, is not preserved for our review (*see* CPL 470.05 [2]) and that, in any event, defendant's contention is without merit (*see* CPL 310.30; *People v Contrero*, 232 AD2d 213, *lv denied* 89 NY2d 1090).  I also agree that defendant was entitled to a hearing on the amount of restitution (*see People v Gazivoda*, 68 AD3d 1346, 1347, *lv denied* 14 NY3d 840).  Therefore, I would modify the judgment by vacating the amount of restitution ordered and, as modified, I would affirm the judgment and remit the matter to County Court for a hearing to determine the amount of restitution.

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court