■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MORRIS, Appellant. [941 NYS2d 806]—

Peters, P.J. Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered May 7, 2009, upon a verdict convicting defendant of the crime of petit larceny.

On May 27, 2008, defendant, while employed at a Walmart retail store, was assigned the duty of emptying the proceeds of certain cash registers into numbered money pouches that were

then to be left stored in a secured cart in a locked office, for which he had a key, so that they could be counted later by a different employee. Nonetheless, defendant, whose movements were tracked by the store's security cameras, instead put 10 of the money pouches into a plastic bag and took them out of the store. Defendant's live-in girlfriend, also a Walmart employee, later found a cardboard box with the money pouches in a closet in their apartment and the authorities were called. Following defendant's arrest, an indictment was handed up charging him with one count of grand larceny in the third degree, which alleged, among other things, that he "stole cash in the amount of approximately $19,306.13." At the ensuing jury trial, defendant took the stand and testified that, while he did take the money pouches, he immediately regretted his actions, took approximately $100 from one of the bags for gasoline money and left everything else in the apartment knowing his girlfriend would return them to the store. Defendant was subsequently found not guilty of the grand larceny charge, but was convicted of the lesser included misdemeanor of petit larceny. County Court sentenced him to one year in jail and, over defendant's protest, ordered that he pay restitution in the amount of $19,306.13. Defendant now appeals, challenging only the restitution order.

Contrary to the People's argument, we do not agree that defendant's claim that the amount of restitution was excessive and/or not supported by the proof of Walmart's out-of-pocket loss is unpreserved for our review because defendant did not specifically request a hearing during sentencing. The sentencing minutes indicate that the prosecutor stated his opinion at the commencement of the sentencing proceedings that a restitution hearing would not be necessary because County Court allegedly heard sufficient information at trial. After defense counsel requested a restitution amount commensurate with the jury's verdict of petit larceny, the court ordered restitution in the full amount listed in the indictment, which it then reduced to a judgment in favor of Walmart. At that point, defendant began repeatedly voicing his opposition to the amount of the court's restitution order, making it clear at one point that he would not sign anything that could be interpreted as his agreement to that sum. Under these circumstances, we must conclude that defendant did "otherwise challenge the amount of restitution during the sentencing proceeding" (*People v Melino*, 52 AD3d 1054, 1056 [2008], *lv denied* 11 NY3d 791 [2008]; *see People v Spears*, 78 AD3d 1380, 1381 [2010]), and the matter must be remitted for an appropriate restitution hearing.

Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur.

Ordered that the judgment is modified, on the law, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.