People v Rivera (2018 NY Slip Op 08969)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Rivera

2018 NY Slip Op 08969

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

107747

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
vMIGUEL RIVERA, Appellant.

Calendar Date: November 14, 2018
Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Michael C. Ross, Bloomingburg, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Albany County (Ceresia, J.), rendered April 6, 2015, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
In August 2014, defendant was indicted and charged with two counts of criminal possession of a controlled substance in the third degree and two counts of criminally using drug paraphernalia in the second degree. Defendant thereafter agreed to plead guilty to the reduced charge of attempted criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced as a predicate felon to a prison term of 4½ years followed by three years of postrelease supervision. The plea agreement, which satisfied both the foregoing indictment and other charges that had been presented to a grand jury, also included a waiver of the right to appeal. Following defendant's plea of guilty to the reduced charge, County Court imposed the agreed-upon term of imprisonment. Defendant appeals.
Regardless of the validity of defendant's appeal waiver, his challenge to the voluntariness and factual sufficiency of his plea is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Rivera, 164 AD3d 1573, 1574-1575 [2018]; People v Guynup, 159 AD3d 1223, 1224 [2018], lv denied 31 NY3d 1082 [2018]; People v Spears, 78 AD3d 1380, 1380 [2010]). Defendant did not make any statements during the plea allocution that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea; therefore, the narrow exception to the preservation requirement was not triggered (see People v Bailey, 158 AD3d 948, 948 [2018]). Further, County Court was under no obligation to conduct any inquiry in response to defendant's belated postplea statements to the Probation Department regarding the voluntariness of his plea (see id. at 948).
Devine, J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.