People v Carroll (2019 NY Slip Op 04233)





People v Carroll


2019 NY Slip Op 04233


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

108689

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAVON CARROLL, Appellant.

Calendar Date: April 24, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Noreen McCarthy, Keene Valley, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Stitt of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered July 13, 2016, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree (two counts).
In satisfaction of a four-count indictment, defendant agreed to plead guilty to criminal sale of a controlled substance in the fourth degree (two counts) with a recommended prison term of four years upon each conviction followed by three years of postrelease supervision. The contemplated prison terms would run concurrently with one another but consecutively to the prison term that defendant then was serving. Consistent with the terms of the plea agreement, which also required defendant to waive his right to appeal, defendant pleaded guilty to the two sale counts, and County Court thereafter sentenced defendant as a second felony offender to the recommended terms of imprisonment. Defendant appeals.
We need not consider the validity of defendant's appeal waiver (see People v Rivera, 167 AD3d 1324, 1324 [2018]; People v Guynup, 159 AD3d 1223, 1224 [2018], lv denied 31 NY3d 1082 [2018]), as his challenge to the voluntariness of his plea and his related ineffective assistance of counsel claim (to the extent that it impacts upon the voluntariness of his plea) survive even a valid appeal waiver but are unpreserved for our review in the absence of an appropriate postallocution motion (see People v Moore, 169 AD3d 1110, 1112 [2019], lv denied ___ NY3d ___ [Apr. 25, 2019]; People v Rivera, 167 AD3d at 1324; People v Spears, 78 AD3d 1380, 1380 [2010]). In this regard, "defendant's reliance upon his unsworn statements contained within a postplea letter sent to County Court prior to sentencing, which contradicted his sworn plea allocution, is unavailing, as said letter neither properly preserved this issue for appeal nor constituted a motion to withdraw his guilty plea" (People v Quell, 166 AD3d 1388, 1389 [2018], lv denied 32 NY3d 1208 [2019], citing People v Willard, 159 AD3d 1228, 1229 [2018], lv denied 31 NY3d 1154 [2018]; People v Rayburn, 150 AD3d 1553, 1554-1555, 1555 n [2017]). [*2]"Moreover, defendant's pro se submission prior to sentencing [was insufficient for preservation purposes] because he was represented by counsel and was not entitled to hybrid representation" (People v Horton, 166 AD3d 1226, 1227 [2018] [citation omitted]). Finally, defendant's postplea assertions of innocence were unsworn and otherwise unsubstantiated and, as such, County Court was under no duty to further inquire prior to sentencing defendant to the recommended terms of imprisonment (see People v Rodriguez, 154 AD3d 968, 969 [2017], lv denied 30 NY3d 1108 [2018]; cf. People v Rivera, 167 AD3d at 1324; People v Allen, 166 AD3d 1210, 1210-1211 [2018], lvs denied 32 NY3d 1201, 1206 [2019]; People v Bailey, 158 AD3d 948, 949 [2018]).
Contrary to defendant's assertion, he did not make any statements on the record that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea and, therefore, the narrow exception to the preservation requirement was not triggered (see People v Rivera, 167 AD3d at 1324; People v Quell, 166 AD3d at 1389). To the extent that defendant faults counsel for failing to properly investigate his case, conduct more extensive discovery or explore possible defenses, these claims implicate matters outside of the record and, as such, are more properly addressed in the context of a CPL article 440 motion (see People v Moore, 169 AD3d at 1112). Accordingly, the judgment of conviction is affirmed.
Lynch, J.P., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.