People v Osborn (2021 NY Slip Op 05427)





People v Osborn


2021 NY Slip Op 05427


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


793 KA 17-00005

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN OSBORN, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN OSBORN, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 22, 2015. The judgment convicted defendant upon his plea of guilty of grand larceny in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the amount of restitution ordered and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for a hearing to determine the amount of restitution.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of grand larceny in the second degree (Penal Law § 155.40 [1]), we agree with defendant's contention in his main and pro se supplemental briefs that County Court erred in denying his request for a hearing on the amount of restitution. Penal Law § 60.27 (2) provides in relevant part that, when a court requires restitution to be made, "[i]f the record does not contain sufficient evidence to support such finding or upon request by the defendant, the court must conduct a hearing" (emphasis added). Upon defendant's request, the court was required to conduct a hearing "irrespective of the level of evidence in the record" to support the amount of restitution (People v Consalvo, 89 NY2d 140, 146 [1996]; see People v Ippolito, 89 AD3d 1369, 1370 [4th Dept 2011], affd 20 NY3d 615 [2013]; People v Case, 160 AD3d 1448, 1451 [4th Dept 2018], lv denied 31 NY3d 1146 [2018]; People v Gazivoda, 68 AD3d 1346, 1347 [3d Dept 2009], lv denied 14 NY3d 840 [2009]). We therefore modify the judgment by vacating the amount of restitution ordered, and we remit the matter to County Court for a hearing to determine the amount of restitution.
We reject defendant's further contention in his main and pro se supplemental briefs that the sentence is unduly harsh and severe. We have reviewed the remaining contentions in defendant's pro se supplemental brief and conclude that none warrants reversal or further modification of the judgment.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court