People v Osborn (2021 NY Slip Op 05426)





People v Osborn


2021 NY Slip Op 05426


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


792 KA 15-00236

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN OSBORN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN OSBORN, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 8, 2014. The judgment convicted defendant upon his plea of guilty of grand larceny in the second degree (two counts) and grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the amount of restitution ordered and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for a hearing to determine the amount of restitution.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of, inter alia, two counts of grand larceny in the second degree (Penal Law § 155.40 [1]), defendant contends in his main brief, and the People correctly concede, that his waiver of the right to appeal is invalid. "[T]here is no basis [in the record] upon which to conclude that [County C]ourt ensured 'that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Jones, 107 AD3d 1589, 1590 [4th Dept 2013], lv denied 21 NY3d 1075 [2013], quoting People v Lopez, 6 NY3d 248, 256 [2006]). In addition, the court mischaracterized the waiver as an "absolute bar" to the taking of an appeal (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Jeffords, 185 AD3d 1417, 1418 [4th Dept 2020], lv denied 35 NY3d 1095 [2020]).
Defendant contends in his main and pro se supplemental briefs that his plea was not knowingly, voluntarily, and intelligently entered, and that the court erred in summarily denying his motion to withdraw the plea. We reject those contentions. Defendant's contention that he was coerced into pleading guilty is "unsupported by the record and belied by his statements during the plea colloquy" (People v Gerena, 174 AD3d 1428, 1430 [4th Dept 2019], lv denied 34 NY3d 981 [2019]; see People v Dale, 142 AD3d 1287, 1289 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]). Moreover, in considering a motion to withdraw a guilty plea, a hearing is required only in rare instances (see People v Brown, 14 NY3d 113, 116 [2010]; People v Tinsley, 35 NY2d 926, 927 [1974]). Defendant was afforded a reasonable opportunity to present his contentions such that the court was able to make an informed determination (see Tinsley, 35 NY2d at 927; People v Zimmerman, 100 AD3d 1360, 1362 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]).
Defendant further contends in his main and pro se supplemental briefs that the court erred in denying his request for a hearing on the amount of restitution. We agree. Penal Law § 60.27 (2) provides in relevant part that, when a court requires restitution to be made, "[i]f the record does not contain sufficient evidence to support such finding or upon request by the defendant, the [*2]court must conduct a hearing" (emphasis added). Here, contrary to the assertion of the People, defendant made a timely request for a restitution hearing inasmuch as he requested a hearing before the court made its determination on restitution. The court never ordered a specific amount of restitution at sentencing, and the People did not prepare the order of restitution setting forth the amount requested until the following week. Defendant raised issues with the amount and requested a hearing. Upon defendant's request, the court was required to conduct a hearing "irrespective of the level of evidence in the record" to support the amount of restitution (People v Consalvo, 89 NY2d 140, 146 [1996]; see People v Ippolito, 89 AD3d 1369, 1370 [4th Dept 2011], affd 20 NY3d 615 [2013]; People v Case, 160 AD3d 1448, 1451 [4th Dept 2018], lv denied 31 NY3d 1146 [2018]; People v Gazivoda, 68 AD3d 1346, 1347 [3d Dept 2009], lv denied 14 NY3d 840 [2010]). We therefore modify the judgment by vacating the amount of restitution ordered, and we remit the matter to County Court for a hearing to determine the amount of restitution. In light of our determination, defendant's remaining contention in his main brief with respect to restitution is moot.
We reject defendant's contention in his main and pro se supplemental briefs that the sentence is unduly harsh and severe. We have reviewed the remaining contentions in defendant's pro se supplemental brief and conclude that none warrants reversal or further modification of the judgment.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court